# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC,<br><br>　　　　Defendants. | CASE NO. 08-CV-0589-H (JMA)<br><br>ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER |

On April 10, 2008, the Court issued an order to show cause why the Court has jurisdiction since Plaintiff's pro se complaint did not specify a basis for subject matter jurisdiction. (Doc. No. 5.) On April 22, 2008, Plaintiff submitted a response to the order to show cause and an ex parte motion for a temporary restraining order. (Doc. No. 6.) The Court denies the request without prejudice.

To grant a temporary restraining order ("TRO") without notice to the adverse party, the request must set forth both: (1) "specific facts in an affidavit or a verified complaint" clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) a written certification of "any efforts made to give notice and the reasons why it should not be required." Fed R. Civ. P. 65(b)(1). Here, Plaintiff has not served the defendants, described any efforts to give notice, or explained why notice should not be required.

1  In addition to these requirements for situations when notice is not given, a request for a TRO must meet the general requirements for preliminary injunctive relief. "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d at 1402; see also Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). The Court concludes that Plaintiff has not satisfied either of the Ninth Circuit's standards for a TRO.

The Court will address Plaintiff's response to the order to show cause by a separate order.

IT IS SO ORDERED.

DATED: April 23, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.