Alan I. White, Esq. (SBN 49858)
LAW OFFICES OF ALAN I. WHITE
20281 SW Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 752-9001
Facsimile: (949) 752-9007

Attorneys for Respondent
SPECIALIZED LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO, <br><br> Petitioner, <br><br> vs. <br><br> CITI RESIDENTIAL LENDING <br><br> Respondent <br><br> SPECIALIZED LOAN SERVICING, LLC, <br><br> Respondent. | Case No. 08 CV 0589 HJMA <br><br> Case Assigned to: <br> Hon. Marilyn L. Huff <br><br> OPPOSITION TO MOTION FOR TRO AND/OR PRELIMINARY INJUNCTION AND STATEMENT OF POSITION <br><br> Hearing Date: June 16, 2008 <br> Time: 10:30 a.m. <br> Courtroom: 13 <br> Trial Date: None Set |

    Plaintiff alleges in its second amended complaint that he entered into a consumer credit transaction with "Defendants". Plaintiff does not identify who "defendants" refers to. Plaintiff attaches as Exhibit A a promissory note from Plaintiff to Argent Mortgage Company LLC for $102,000. Plaintiff attaches as Exhibit 2 allegedly the deed of trust securing the note, however, the attached deed of trust secures a note for $408,000. Argent Mortgage is not a named party to this lawsuit. Plaintiff seeks, therefore, to enjoin SLS from filing any state court action alleging unlawful detainer or seeking a writ of possession, even though plaintiff's evidence shows Argent Mortgage as the lender and it is not a party.

    Defendant Specialized Loan Servicing, LLC, in fact, is the servicer of the second

deed of trust on the property which secures the $102,000 note on behalf of the current holder of the note. Plaintiff has not alleged or submitted any evidence that SLS has taken any steps to file any action for unlawful detainer or take any other actions against the borrower. There is an unpaid first deed of trust with a balance over $429,000 against the property.

It is SLS' position, therefore, that the plaintiff's moving papers are inconsistent, disjointed, and incoherent to establish any basis for injunctive relief against anyone. It has failed to name the lender that handled the loan which the plaintiff claims violated the Truth in Lending Laws. It has failed to distinguish between the notes securing the first and second deeds of trust on the property. Further, plaintiff has failed to establish irreparable injury since he has alleged no facts that SLS has threatened to or is, in fact, taking any steps to file an unlawful detainer action or to seek a writ of possession. Further, there cannot be irreparable injury since if such action were undertaken, plaintiff would have his ability to defend those actions. If appropriate, Plaintiff could seek a stay of those actions. The mere filing of a state court action seeking unlawful detainer or writ of possession cannot be viewed as an irreparable injury to the plaintiff.

Plaintiff's motion should be denied.

Dated: May 30, 2008

Respectfully submitted,

By: _____
Alan I. White

Attorneys for Respondent
Specialized Loan Servicing, LLC