MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Specially Appearing as Attorneys for Defendant
CITI RESIDENTIAL LENDING

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| COPERNICO MAMERTO, | Case No: 08-CV-0589-H-JMA |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER |
| v. | |
| CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC, | |
| Defendant. | |
| | Date: June 16, 2008 |
| | Time: 10:30 a.m. |
| | Dept.: H |

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Introduction**

Plaintiff COPERNICO MAMERTO's ("MAMERTO") Second Amended Motion for Ex Parte Temporary Restraining Order ("Motion"), viewed in conjunction with his Second Amended Verified Complaint ("SAC") is virtually unintelligible in that the Motion requests that this Court "enjoin any unlawful detainer or writ of possession to allow Plaintiff and Defendants to set forth their respective claims." (Moving papers at p. 12:11-13.) However, despite MAMERTO's request to enjoin any unlawful detainer or writ of possession, MAMERTO still holds title to the subject property.

the status of either an unlawful detainer action or writ of possession. To the contrary, while MAMERTO has in fact defaulted on the loan secured by Deed of Trust (See Request for Judicial Notice "RJN", Exhibit 1), and the Trustee's foreclosure sale is currently pending on June 23, 2008 (RJN, Ex. 2), nowhere within the moving papers does MAMERTO seek any relief pertaining to the pending foreclosure sale.

Thus, as noted herein, MAMERTO's motion is premature, he cannot at this time demonstrate immediate irreparable harm in seeking to enjoin any unlawful detainer action or writ of possession that has not yet occurred and his Motion should be denied.

**B.   Statement of Facts**

From on or about October 6, 2007, CITI RESIDENTIAL has been and continues to be the Servicer and Attorney-in-Fact for Argent Mortgage Company LLC ("Argent Mortgage") pursuant to a Limited Power of Attorney between CITI RESIDENTIAL and Argent Mortgage, as executed by Argent Mortgage on October 6, 2007. A copy of the Power of Attorney is attached to the Declaration of Tami S. Crosby ("Crosby Declaration") as Exhibit 1. On or about February 16, 2006, MAMERTO executed a note in the amount of $408,000.00 from Argent Mortgage; this note having been secured by the Deed of Trust described above.

As is more fully set forth in the Crosby Declaration, MAMERTO defaulted on the loan secured by Deed of Trust in August, 2007 and MAMERTO has not made any payment on the Deed of Trust since that date. A Notice of Default and Election to Sell Under Deed of Trust was recorded on January 2, 2008 with the San Diego County Recorder's office as Instrument No. 2008-0000379. (RJN, Ex. 1.), which demonstrates that as of December 31, 2007, MAMERTO's mortgage loan was in default in the amount of $12,648.48 and that amount continues to grow with each month that MAMERTO fails to pay on the Deed of Trust. On April 7, 2008, a Notice of Trustee's Sale was recorded with the San Diego County Recorder's office as Instrument No. 2008-0180799. (RJN, Ex. 2.)

**C.   Argument**

A Temporary Restraining Order ("TRO") is an extraordinary remedy that will be granted only in cases where the need for immediate relief is clear. Although the court may grant such a request

without notice to the opposing side, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65, the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Thus, the affidavit must define the injury and state why it is irreparable and why such an affidavit should be granted without notice. (FRCP 65(b)(1)(A).) Further, the applicant, in this case MAMERTO, must provide notice to all who are bound by personal service or otherwise. (FRCP 65(d)(2)) or alternatively, provide the court with a Certificate from MAMERTO setting forth the efforts he made to notify opposing counsel of the application for TRO (FRCP Rule 65(b)(1)(B); *American Can Co. v. Mansukhani* (7th Cir. 1984) 742 F2d 314, 322 — "an ex parte order is proper only when there is no reasonable alternative".)

Even if the TRO application is otherwise meritorious, it is within the court's discretion to deny the application simply on the ground that adequate efforts were not made to notify the opposing side, or that there is no justifiable reason for issuing the TRO without notice. (*Reno Air Racing Ass'n, Inc. v. McCord* (9th Cir. 2006) 452 F3d 1126, 1131–1132.) In fact, in the case of *Ziegman Productions Inc. v. City of Milwaukee* (ED WI 1980) 496 F.Supp. 965, 967, the court denied the plaintiff's application for TRO due to lack of adequate notice, despite the fact that the plaintiff had demonstrated efforts to notify two specific deputy city attorneys of his application for TRO.

While it is permissible in an emergency situation to base an application for TRO on a verified complaint (*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.* (SD NY 1977) 74 FRD 621) as noted in *Weil and Brown, Federal Civil Procedure Before Trial*, Chapter 13-D, § 13:103.

> "The court will want a factual showing as to the emergent nature of the relief sought.
>
> Pleadings usually contain too many conclusions and generalizations."

MAMERTO has not complied with any of the requirements of FRCP, Rule 65 in that he has

failed to provide specific facts in either an affidavit accompanying his Motion or in his verified complaint, that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition". (FRCP 65(b)(1)(A).) In fact, MAMERTO's Motion is not accompanied by any affidavit whatsoever. Secondarily, even though he filed his Motion concurrently with his verified SAC, MAMERTO is still in legal possession of the subject property.

MAMERTO's Motion is void of any facts whatsoever that demonstrate that there is immediate and irreparable harm that will come to him from a non-existent unlawful detainer action or writ of possession – nor does MAMERTO assert any facts to demonstrate that he is no longer in legal possession of the property. MAMERTO simply cannot demonstrate that any named defendant in this action has filed or is somehow pursuing an unlawful detainer action against him or that any named defendant has obtained a writ of possession pertaining to the subject property.

Further, as is noted in the Crosby Declaration, MAMERTO made no effort whatsoever to provide notice of the hearing on his Motion to either CITI RESIDENTIAL or its counsel of record. CITI RESIDENTIAL has not been served with either the SAC or any of the documents pertaining to MAMERTO's Motion for Ex Parte Temporary Restraining Order. As is more fully set forth in the Crosby Declaration, it was not until counsel for CITI RESIDENTIAL reviewed this Court's "on-line" docket on May 28, 2008, that it was determined that MAMERTO had filed such documents with the court. And the basis now for CITI RESIDENTIAL's special appearance in opposing MAMERTO's Motion for Ex Parte Temporary Restraining Order.

Here, CITI RESIDENTIAL is the one penalized for MAMERTO's delay tactics in filing the within action and his request for TRO, and having to defend itself in what should be a simple foreclosure proceeding. Until and unless the foreclosure sale is completed and CITI RESIDENTIAL is able to market the subject property, CITI RESIDENTIAL will not be in a position to recover the amount due on the Deed of Trust.

**D.    Plaintiff is Required to Post an Undertaking Pursuant to FRCP Rule 65(c)**

FRCP, Rule 65 (c) allows for the court to order an undertaking on granting a TRO. Should the court grant the TRO sought by MAMERTO in this matter, CITI RESIDENTIAL respectfully

requests that the posting of a bond in the amount necessary to reinstate the loan should be required by the Court, in an amount to be determined at the time of the hearing on this matter, as the reinstatement amount must be determined based upon the accrued daily rate of interest.

E.   **Conclusion**

Based upon the foregoing, it is respectfully requested that the Court deny MAMERTO's Motion for Ex Parte Temporary Restraining Order or, alternatively, should the Court grant the Motion, that the court require MAMERTO to post a bond in the amount necessary to reinstate the loan, in an amount to be determined at the time of the hearing on this matter.

Respectfully Submitted,

Miles, Bauer, Bergstrom & Winters, LLP

Dated: June 2, 2008          By:   /s/ Tami S. Crosby
                                   Tami S. Crosby
                                   Specially Appearing as Attorneys for
                                   CITI RESIDENTIAL LENDING, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to TRO.doc

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 6/2/08, I caused to be personally served a copy of the following document(s):

- **DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se,
8485 Miguel Vista Place
San Diego, California 92114
619) 472-9924

(Plaintiff, pro se)

Alan I. White, Esq.
20281 SW Birch Street, Suite 100
Newport Beach, 92660

(Counsel for Defendant Specialized Loan Servicing)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 6/2/08, at Costa Mesa, California.

/s/ Marion Pineda
Marion Pineda

---

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to TRO.doc