1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| COPERNICO MAMERTO,<br><br>                              Plaintiff,<br><br>    vs.<br><br>CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC,<br><br>                              Defendants. | CASE NO. 08-CV-0589-H (JMA)<br><br>ORDER:<br><br>(1) DENYING WITHOUT PREJUDICE SECOND MOTION FOR TEMPORARY RESTRAINING ORDER; AND<br><br>(2) GRANTING REQUEST FOR JUDICIAL NOTICE |
|---|---|

18
19
20
21
22
23
24
25
26
27
28

        On May 22, 2008, Plaintiff Copernico Mamerto ("Plaintiff"), proceeding pro se, submitted a second amended complaint and a second ex parte motion for temporary restraining order ("TRO").  (Doc. Nos. 14, 16.)  On May 23, 2008, the Court entered an order declining to grant relief on an ex parte basis and setting a briefing schedule on the motion for a temporary restraining order.  (Doc. No. 17.)  On June 2, 2008, defendants Specialized Loan Servicing, LLC ("SLS") and Citi Residential Lending ("Citi") filed oppositions to the motion.  (Doc. Nos. 18-19.)  Citi appears specially for the purpose of opposing the motion.  (See Doc. No. 19.)  Citi also submitted a request for judicial notice.  (See Doc. No. 19.)  As of the date of this order, Plaintiff has not filed any optional reply in support of his motion, due on June 9, 2008.  (See Doc.

No. 17.)

## Request for Judicial Notice

Citi asks the Court to take judicial notice of two documents: (1) Notice of Default and Election to Sell Under Deed of Trust, recorded January 2, 2008, with the San Diego County Recorder's office; (2) Notice of Trustee's Sales, recorded April 7, 2008, with the San Diego County Recorder's office. (See Citi's Request for Judicial Notice ("RJN").) Plaintiff has not responded to the request. The Court concludes that these are matters of public record not subject to reasonable dispute and grants the request accordingly. See Fed. R. Evid. 201(b).

## Motion for Temporary Restraining Order

Where the defendant has an opportunity to be heard, the standards for granting a temporary restraining order are essentially the same as those for a preliminary injunction. See also Fed R. Civ. P. 65(b)(1) (setting requirements for granting ex parte relief). "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d at 1402; see also Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

The Court concludes that Plaintiff has not satisfied either of the Ninth Circuit's standards for a TRO. Plaintiff seeks to retain possession of his home, which he may lose as a result of a foreclosure and related proceedings. The Notice of Trustee's Sale indicates that a sale was scheduled to take place on April 23, 2008 at 10:00 a.m. (See RJN Ex. 2.) It is unclear from the parties' filings whether such a sale in fact took place. Plaintiff also seeks to prevent Defendants from seeking a "wrongful detainer action" or "applying for a writ of possession." Plaintiff has not alleged, or submitted evidence,

1  that either Defendant has taken such action or will do so imminently.  Therefore,

2  Plaintiff has made a minimal showing of the possibility of irreparable injury and must

3  make a correspondingly strong showing of likelihood of success on the merits.

4          Plaintiff's Second Amended Complaint ("SAC") alleges a violation of the Truth

5  in Lending Act ("TILA""), 15 U.S.C. § 1635, and the related Regulation Z, 12 C.F.R.

6  § 226.23, during the initial loan transaction.  (SAC ¶¶ 12-21.)  Plaintiff alleges that

7  Defendants: (1) failed to deliver two copies of the notice of the right to rescind that set

8  forth all required information; and (2) made incomplete or improper disclosures in

9  connection with the transaction.  (SAC ¶¶ 13-16.)  Plaintiff alleges that he therefore had

10 a right to rescind, which he exercised.  (SAC ¶¶ 17-18.)  Plaintiff does not indicate

11 when he exercised the alleged right, except to say that it was at least 20 days before

12 filing of the SAC on May 23, 2008.  (SAC ¶ 19.)  The Note and Deed of Trust attached

13 to the SAC indicate that the lender was Argent Mortgage Company, LLC, and it is not

14 named as a defendant in this action.  Having reviewed all materials submitted by

15 Plaintiff, the Court concludes that he has not made a showing of likelihood of success

16 on the merits of his claim sufficient to warrant injunctive relief at this time.

17                                    **Conclusion**

18         For the reasons set forth above, the Court denies the second motion for

19 temporary restraining order without prejudice.

20         IT IS SO ORDERED.

21 DATED:  June 11, 2008

22                                    _____

23                                    MARILYN L. HUFF, District Judge
                                      UNITED STATES DISTRICT COURT

24 COPIES TO:
   All parties of record.
25

26

27

28

                                    - 3 -                              08cv589