Alan I. White, Esq. (State Bar. No. 49858)
LAW OFFICES OF ALAN I. WHITE
20281 SW Birch Street, Suite 100
Newport Beach, California 92660
Telephone: (949) 752-9001
Facsimile: (949) 752-9007

Attorneys for Defendant
SPECIALIZED LOAN SERVICING,
LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO<br><br>                                Plaintiff,<br><br>    vs.<br><br>CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC,<br><br>                                Defendants. | Case No. 08 CV 0589 H JMA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>Hearing Date: July 14, 2008<br>Dept.: H<br>Time: 10:30 am |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's second amended complaint alleges one claim for what appears to be a violation of the *Truth in Lending Law*, 15 U.S.C. Section 1601, Regulation Z, 12 C.F.R. § 226, and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. § 45.

Plaintiff alleges that defendant Specialized Loan Servicing Inc. "is engaged in the business of the servicing of mortgage loans . . . ." Second Amended Complaint (SAC") para. 5. SLS is not alleged to be the lender involved in any transaction with the plaintiff. In paragraph 7, plaintiff alleges that the "Defendants" entered into a consumer credit transaction with the plaintiff, however, the documents attached by the plaintiff to

1 | the complaint contradict such allegation.

2 |     The document attached as Exhibit A, which is alleged to be the credit agreement
3 | upon which the claim is based, was a note entered between the plaintiff and Argent
4 | Mortgage Company. Defendant SLS is not mentioned in the note. It is, therefore,
5 | conclusive from plaintiff's second amended complaint that SLS was not the entity
6 | providing credit to the plaintiff.

7 |     Plaintiff also alleges that the "defendants retained a security interest in [the
8 | property]." SAC para 9.  Plaintiff attaches the deed of trust to the complaint and alleges
9 | that it evidences the "defendant's security interest" in the property. The attached deed
10 | of trust shows a security interest in favor of Argent, not SLS.

11 |     There is nothing alleged in the complaint that relates SLS to the credit transaction
12 | that is alleged.

13 | ## II. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED

14 |     Plaintiff has wholly failed to any facts to support a claim against SLS. Plaintiff
15 | seeks to rescind the credit transaction against SLS, yet plaintiff's own documents
16 | reflect that SLS was not a party to the credit transaction.

17 |     The second amended complaint should be dismissed without leave to amend.
18 | Plaintiff's documents attached to the second amended complaint establish that
19 | defendant SLS was not a party to the credit transaction of which plaintiff complains,
20 | and no effort to amend can change those facts.

21 | Dated: June 12, 2008           Respectfully submitted,

23 | By: _____

Alan I. White

Attorneys for Respondent
Specialized Loan Servicing, LLC

LAW OFFICES OF
ALAN I. WHITE

08-CV 0589 H JMA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPECIALIZED LOAN SERVICES RULE
12(b)(6) MOTION

## PROOF OF SERVICE

I, the undersigned, declare as follow:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20281 S.W. Birch Street, Suite 100, Newport Beach, California 92660.

On June 12, 2008, I served the forgoing document(s) described as: **(1) NOTICE OF MOTION, AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action as stated below:

Copernico Memerto; *pro se*
c/o 8485 Miguel Vista Place
San Diego, CA 92114

Tami S. Crosby, Esq.
Miles, Bauer, Bergstrom & Winters, LLP
2 1665 Scenic Avenue, Suite 2003
Costa Mesa, CA 92626

[X]  **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepared at Newport Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 12, 2008, at Newport Beach, California.

Maureen L. Ryan
(Type or print name)

(Signature)

1