

1  Copernico s. Mamerto, Pro Se
2  8485 Miguel Vista Place
3  San Diego, California 92114
4  (619) 472-9924

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| COPERNICO S. MAMERTO,<br><br>    Plaintiff,<br><br>vs.<br><br>CITI RESIDENTIAL LENDING<br>AND SPECIALIZED LOAN<br>SERVICING, LLC.,<br>    Defenants. | ) CASE NO. 08-CV 0589 H JMA<br>)<br>)<br>) **RESPONSE TO MEMORANDUM OF**<br>) **POINTS AND AUTHORITIES IN**<br>) **SUPPORT OF DEFENDANT CITI**<br>) **RESIDENTIAL LENDING'S SPECIAL**<br>) **APPEARANCE FOR THE PURPOSE OF**<br>) **OF FILING OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR EX PARTE**<br>) **TEMPORARY RESTRAINING ORDER** |
|---|---|

    Plaintiff, COPERNICO MAMERTO, files this, his response to the Memorandum of Points and Authorities in opposition to Plaintiff's Motion for Ex Parte Temporary Restraining Order, and states as follows:

    1. Defendant Citi states that Plaintiffs Motion, viewed in conjunction with his Second Amended Verified Complaint is "virtually unintelligible" because it makes reference to enjoining either an unlawful detainer action or writ of possession, but makes no reference to a Trustee's foreclosure sale currently pending on June 23, 2008. In response Plaintiff would point out that at the time he filed his Motion in May, that a prior Notice of Trustee's Sale had been published

advertising the sale for April 22, 2008. Therefore, as far as Plaintiff knew at that time, the Trustee's foreclosure sale had already taken place. That is why Plaintiff did not include asking the Court to enjoin the sale, since Plaintiff believed it had already taken place. The request to enjoin any unlawful detainer action or writ of possession was based upon that belief that the foreclosure sale had already occurred. While this may be a basis for amending the Motion to include a request to enjoin the Trustee's foreclosure sale now scheduled for June 23, 2008 in his prayer for relief, it should not be a basis in itself for denying the Motion. The Plaintiff could not have included a request to enjoin a sale of which he had no actual personal knowledge.

    2. Defendant Citi states that Plaintiff's motion is premature. Plaintiff's motion is not premature. As stated the motion can be amended to include a request to enjoin the Trustee's foreclosure sale. The request to enjoin any unlawful detainer action or writ of possession anticipates a sale, which Plaintiff had a reasonable belief had already occurred. This does not change the nature of the irreparable injury that Plaintiff will incur if the foreclosure sale, and any subsequent unlawful detainer action or writ of possession goes forward. Plaintiff will still suffer irreparable injury in that he will suffer loss of the property and have his right of ownership and possession cut off prior to having his claims heard on their merits even if his claims are meritorious.

    3. In Defendant's statement of facts, Defendant states that Plaintiff defaulted on the loan secured by Deed of Trust in August, 2007. However, Plaintiff is seeking rescission

of the loan. Rescission of the loan would make the loan of no force and effect, and the loan could not have been defaulted on if it was not in full force and effect at the time of the alleged default. Therefore, until the merits of Plaintiff's claims are adjudicated, Defendant's statement of fact is merely a legal conclusion that does not in itself justify denial of the Motion.

    4. In Defendant's argument, Defendant states that it is not appropriate to grant Plaintiff's motion without notice and that Plaintiff has violated Federal Rule of Civil Procedure Rule 65. However, Defendant cannot deny that it has actual notice of the application for the TRO based upon pleadings filed in response by both Defendants. Therefore the issue of granting the motion ex parte is moot, since both defendants have had actual notice.

    5. Defendant further states that the Court has discretion to deny the application on the ground that adequate efforts were not made to notify the opposing side. This, in fact, cannot be correct. The Motion itself includes a certificate of service certifying that both defendants were notified, which fact is borne out by the responses filed by both defendants. Again, this is a moot point in light of both defendants having actual notice. To deny the motion on an alleged failure to make adequate efforts to notify the opposing side would be an abuse of discretion.

    6. Defendant states that Plaintiff failed to provide specific facts in either an affidavit accompanying his Motion or in his verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition. Plaintiff

would point out that both Plaintiff's Complaint and his Motion are verified, and are signed by Plaintiff under penalty of perjury, which is the equivalent of an affidavit. Further, both Plaintiff's Complaint and Motion set forth numerous facts which state the irreparable injury Plaintiff will suffer if his Motion for TRO is not granted. Plaintiff submits that it is difficult to dispute that Plaintiff will not be irreparably injured if he loses the property, loses all of his equity in the property, has his legal rescission and other legal rights cut off, and loses the possession of the property prior to any adjudication of his claims, which would happen even if his claims are meritorious, if Defendants are not enjoined.

7. Defendant Citi further states that pursuant to FRCP 65 that Plaintiff should be required to post a bond. Plaintiff has requested that the posting of a bond be waived based upon Plaintiff's failure to provide a bond. The waiver of the bond requirement should be based upon the financial ability of the Plaintiff, balanced with the potential damage to Defendant and Plaintiff.

8. Plaintiff has other grounds that should be considered ore tenus.

**Conclusion.** Based upon the foregoing and Plaintiff's Motion for Temporary Restraining Order and Plaintiff's verified Complaint the Motion for Temporary Restraining Order should be granted.

Dated this 16 day of June, 2008.

*[signature]*

Copernico Mamerto, Response to motion in Opposition to TRO 6/14/2008. - 4

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Tami S. Crosby, Esquire, Miles, Bauer, Bergstrom & Winters, LLP, attorneys for Defendant Citi Residential Lending, Inc. at 1665 Scenic Avenue, Suite 200 Costa Mesa, CA 92626 and to Defendant Specialized Loan Servicing, LLP, Alan I White, Esquire, at 20281 SW Birch Street, Suite 100 Newport Beach, CA 92660 this 16 day of June, 2008.

Copernico Mamerto, Plaintiff
Pro Se
8485 Miguel Vista Place
San Diego, CA 92114
(619) 472-9924

1  Copernico S. Mamerto, Pro Se
2  8485 Miguel Vista Place
3  San Diego, California 92114
4  (619) 472-9924

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| COPERNICO S. MAMERTO, | ) CASE NO. 08-CV 0589 H JMA |
|---|---|
| Plaintiff, | ) |
| vs. | ) **RESPONSE TO MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| CITI RESIDENTIAL LENDING | ) **SUPPORT OF DEFENDANT CITI** |
| AND SPECIALIZED LOAN | ) **RESIDENTIAL LENDING'S SPECIAL** |
| SERVICING, LLC., | ) **APPEARANCE FOR THE PURPOSE OF** |
| Defenants. | ) **OF FILING OPPOSITION TO** |
| | ) **PLAINTIFF'S MOTION FOR EX PARTE** |
| | ) **TEMPORARY RESTRAINING ORDER** |

Plaintiff, COPERNICO MAMERTO, files this, his response to the Memorandum of Points and Authorities in opposition to Plaintiff's Motion for Ex Parte Temporary Restraining Order, and states as follows:

1. Defendant Citi states that Plaintiffs Motion, viewed in conjunction with his Second Amended Verified Complaint is "virtually unintelligible" because it makes reference to enjoining either an unlawful detainer action or writ of possession, but makes no reference to a Trustee's foreclosure sale currently pending on June 23, 2008. In response Plaintiff would point out that at the time he filed his Motion in May, that a prior Notice of Trustee's Sale had been published

Copernico Mamerto, Response to motion in Opposition to TRO 6/14/2008. - 1

advertising the sale for April 22, 2008. Therefore, as far as Plaintiff knew at that time, the Trustee's foreclosure sale had already taken place. That is why Plaintiff did not include asking the Court to enjoin the sale, since Plaintiff believed it had already taken place. The request to enjoin any unlawful detainer action or writ of possession was based upon that belief that the foreclosure sale had already occurred. While this may be a basis for amending the Motion to include a request to enjoin the Trustee's foreclosure sale now scheduled for June 23, 2008 in his prayer for relief, it should not be a basis in itself for denying the Motion. The Plaintiff could not have included a request to enjoin a sale of which he had no actual personal knowledge.

    2. Defendant Citi states that Plaintiff's motion is premature. Plaintiff's motion is not premature. As stated the motion can be amended to include a request to enjoin the Trustee's foreclosure sale. The request to enjoin any unlawful detainer action or writ of possession anticipates a sale, which Plaintiff had a reasonable belief had already occurred. This does not change the nature of the irreparable injury that Plaintiff will incur if the foreclosure sale, and any subsequent unlawful detainer action or writ of possession goes forward. Plaintiff will still suffer irreparable injury in that he will suffer loss of the property and have his right of ownership and possession cut off prior to having his claims heard on their merits even if his claims are meritorious.

    3. In Defendant's statement of facts, Defendant states that Plaintiff defaulted on the loan secured by Deed of Trust in August, 2007. However, Plaintiff is seeking rescission

Copernico Mamerto, Response to motion in Opposition to TRO 6/14/2008. - 2

of the loan. Rescission of the loan would make the loan of no force and effect, and the loan could not have been defaulted on if it was not in full force and effect at the time of the alleged default. Therefore, until the merits of Plaintiff's claims are adjudicated, Defendant's statement of fact is merely a legal conclusion that does not in itself justify denial of the Motion.

4. In Defendant's argument, Defendant states that it is not appropriate to grant Plaintiff's motion without notice and that Plaintiff has violated Federal Rule of Civil Procedure Rule 65. However, Defendant cannot deny that it has actual notice of the application for the TRO based upon pleadings filed in response by both Defendants. Therefore the issue of granting the motion ex parte is moot, since both defendants have had actual notice.

5. Defendant further states that the Court has discretion to deny the application on the ground that adequate efforts were not made to notify the opposing side. This, in fact, cannot be correct. The Motion itself includes a certificate of service certifying that both defendants were notified, which fact is borne out by the responses filed by both defendants. Again, this is a moot point in light of both defendants having actual notice. To deny the motion on an alleged failure to make adequate efforts to notify the opposing side would be an abuse of discretion.

6. Defendant states that Plaintiff failed to provide specific facts in either an affidavit accompanying his Motion or in his verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition. Plaintiff

would point out that both Plaintiff's Complaint and his Motion are verified, and are signed by Plaintiff under penalty of perjury, which is the equivalent of an affidavit. Further, both Plaintiff's Complaint and Motion set forth numerous facts which state the irreparable injury Plaintiff will suffer if his Motion for TRO is not granted. Plaintiff submits that it is difficult to dispute that Plaintiff will not be irreparably injured if he loses the property, loses all of his equity in the property, has his legal rescission and other legal rights cut off, and loses the possession of the property prior to any adjudication of his claims, which would happen even if his claims are meritorious, if Defendants are not enjoined.

    7. Defendant Citi further states that pursuant to FRCP 65 that Plaintiff should be required to post a bond. Plaintiff has requested that the posting of a bond be waived based upon Plaintiff's failure to provide a bond. The waiver of the bond requirement should be based upon the financial ability of the Plaintiff, balanced with the potential damage to Defendant and Plaintiff.

    8. Plaintiff has other grounds that should be considered ore tenus.

    **Conclusion.** Based upon the foregoing and Plaintiff's Motion for Temporary Restraining Order and Plaintiff's verified Complaint the Motion for Temporary Restraining Order should be granted.

    Dated this 16 day of June, 2008.

*[signature]*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Tami S. Crosby, Esquire, Miles, Bauer, Bergstrom & Winters, LLP, attorneys for Defendant Citi Residential Lending, Inc. at 1665 Scenic Avenue, Suite 200 Costa Mesa, CA 92626 and to Defendant Specialized Loan Servicing, LLP, Alan I White, Esquire, at 20281 SW Birch Street, Suite 100 Newport Beach, CA 92660 this _16_ day of June, 2008.

Copernico Mamerto, Plaintiff
Pro Se
8485 Miguel Vista Place
San Diego, CA 92114
(619) 472-9924