MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Specially Appearing as Attorneys for Defendant
CITI RESIDENTIAL LENDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| COPERNICO MAMERTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITI RESIDENTIAL LENDING and<br>SPECIALIZED LOAN SERVICING, LLC,<br><br>　　　　Defendant. | Case No:  08-CV-0589-H-JMA<br><br>**DEFENDANT CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(FRCP 12(B)(6))<br><br>Date:　　July 28, 2008<br>Time:　　10:30 a.m.<br>Courtroom:　13 |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1. <u>Introduction</u>

　　Plaintiff COPERNICO MAMERTO ("MAMERTO") has named, as a defendant in this action, CITI RESIDENTIAL LENDING ("CITI RESIDENTIAL").  However, MAMERTO has failed to serve CITI RESIDENTIAL with the Second Amended Complaint ("SAC") which he filed in this action on May 23, 2008.  Despite this, CITI RESIDENTIAL hereby makes its general appearance in this matter with the filing of this Motion to Dismiss.

　　While MAMERTO's SAC Complaint alleges only a single claim for what appears to be a

1  violation of the *Truth in Lending Law*, 15 U.S.C. Section 1601, Regulation Z, 12 C.F.R. Section 226,
2  and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. Section 45, it consists of entirely
3  unintelligible allegations of wrongdoing, none of which allege that CITI RESIDENTIAL was the
4  lender involved in any transaction with MAMERTO.  In fact, MAMERTO alleges only that CITI
5  RESIDENTIAL "is a corporation engaged in the business of mortgage financing at 8180 and doing
6  business in San Diego County, California. [*sic*] 22102."  (SAC, para. 4, at pages 2-3.)
7         In paragraph 7 of the SAC, MAMERTO alleges that he entered into a consumer credit
8  transaction with the "Defendants".  However, the documentary evidence upon which MAMERTO
9  relies and has attached to his SAC, does not support this allegation.  Specifically, MAMERTO asserts
10 that Exhibit A to the SAC is "[a] true and correct copy of the credit agreement evidencing the
11 transaction…" upon which MAMERTO bases his claim in this action.  (SAC, para. 8, at p. 3.)
12 Exhibit A is a Fixed Rate Note that does not pertain to CITI RESIDENTIAL, as there is no mention
13 of CITI RESIDENTIAL whatsoever in the Note.
14        In the SAC, MAMERTO seeks to rescind the credit transaction between himself and CITI
15 RESIDENTIAL.  Yet, as set forth herein, it is conclusive from the face of MAMERTO's SAC that
16 CITI RESIDENTIAL was not the entity providing credit to MAMERTO nor is it responsible to
17 MAMERTO in this action.
18        MAMERTO's SAC also seeks to void the "Defendant's" security interest in the "Plaintiff's
19 homes".  Yet, similarly, as set forth herein, it is conclusive from the face of MAMERTO's SAC that
20 CITI RESIDENTIAL has not retained any purported interest in MAMERTO's real property for which
21 MAMERTO seeks relief in this action.  While it is readily apparent that the SAC does not identify to
22 which defendant MAMERTO is referring here, MAMERTO also fails to identify or describe more
23 than one "home", that home being 8485 Miguel Vista Place, San Diego, CA 92114 (SAC, para. 9, at
24 p. 3), to which neither of the named defendants in this action have retained an interest.
25        MAMERTO asserts in his SAC that, as part of the same "consumer credit transaction" to
26 which CITI RESIDENTIAL was not a party, "the Defendants retained a security interest in [the
27 property]."  (SAC, para. 9, at p. 3.)  However, again, the documentary evidence upon which
28 MAMERTO relies and has attached to his SAC, does not support this allegation.  MAMERTO

attaches as Exhibit B to the SAC, "[a] true and correct copy of the mortgage evidencing the Defendant's security interest…" (SAC, para. 11, at p. 4.) A review of the Deed of Trust upon which MAMERTO refers to here, demonstrates that CITI RESIDIENTIAL is not a party to that Deed of Trust and therefore, CITI RESIDENTIAL has not, nor could it have, retained a security interest in MAMERTO's property by way of that Deed of Trust.

MAMERTO has failed to allege in the SAC any facts that would establish that CITI RESIDENTIAL is in any way related to the credit transaction at issue in the SAC or that CITI RESIDENTIAL has retained any security interest in MAMERTO's real property. Thus, the SAC fails to state a claim upon which relief can be granted. Accordingly, the SAC must be dismissed pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 8 and 12(b)(6).

**2.    Argument**

A motion to dismiss, pursuant to FRCP, Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. (See FRCP, Rule 12(b)(6).) Rule 12(b)(6 ) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief". (*Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1356 (1990).) Additionally, FRCP, Rule 8(3)(2) requires that each claim must be "simple, concise, and direct" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests". (*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.)

While it has been recognized by the courts that when a complaint is written by a pro se litigant, the rules of civil procedure are somewhat relaxed and the complaint will be held to a less stringent standard (*Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory," the Complaint should be dismissed. (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir.1988)) A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (*Bell Atlantic v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) Further, even a pro se litigant must provide the defendant with "fair notice of the claim and the grounds upon which it rests." (*Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v.*

1 *Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

2   MAMERTO's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Id.*, 127 S.Ct. at 1964-65 (citations and quotations omitted.))  Rather, the allegations in the Complaint "must be enough to raise a right to relief above the speculative level." (*Id.*, at 1965.)  A motion to dismiss should be granted, if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  (*Id.*, at 1966-67.)

   Here, MAMERTO has failed to set forth any facts to support his claim against CITI RESIDENTIAL.  Moreover, the SAC fails to assert any factual allegations that demonstrate that MAMERTO is entitled to any relief whatsoever against CITI RESIDENTIAL.  As such, MAMERTO has failed to set forth "a short and plain statement of the claim showing that he is entitled to relief" as required by FRCP, Rule 8.  MAMERTO has failed to "provide the grounds of his entitlement to relief" (*Bell Atlantic*, 127 S.Ct. 1955, 1964-65), nor has MAMERTO provided to CITI RESIDENTIAL "fair notice of the claim and the grounds upon which it rests".  (*Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

   MAMERTO seeks to rescind the credit transaction purportedly between himself and CITI RESIDENTIAL and also seeks to void CITI RESIDENTIAL's purported retained security interest in his real property.  However, MAMERTO's SAC and the documentary evidence upon which MAMERTO relies to support his allegations, and which he has incorporated within his SAC, conclusively establish that CITI RESIDENTIAL was not a party to the credit transaction of which MAMERTO complains, nor has CITI RESIDENTIAL retained any security interest in his real property.  Under the circumstances here, the Second Amended Complaint should be dismissed without leave to amend, as no effort to amend can establish that CITI RESIDENTIAL was either a party to the credit transaction, or that CITI RESIDENTIAL has retained a security interest in MAMERTO's real property.

//

3.  Conclusion

Based upon the foregoing, CITI RESIDENTIAL respectfully submits that the within Motion to Dismiss should be granted in its entirety and MAMERTO's Second Amended Complaint should be dismissed with prejudice.

Respectfully Submitted,


                                    Miles, Bauer, Bergstrom & Winters, LLP


Dated: June 25, 2008            By:     /s/ Tami S. Crosby
                                    Tami S. Crosby
                                    Specially Appearing as Attorneys for
                                    CITI RESIDENTIAL LENDING, INC.

PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 6/25/08, I caused to be personally served a copy of the following document(s):

DEFENDANT CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se
8485 Miguel Vista Place
San Diego, CA 92114
619) 472-9924
(Plaintiff, pro se)

Alan I. White, Esq.
20281 SW Birch Street, Suite 100
Newport Beach, CA 92660
(Counsel for Defendant Specialized Loan Servicing)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 6/25/08, at Costa Mesa, California.

/s/ Marion Pineda
Marion Pineda