MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Attorneys for Defendant
CITI RESIDENTIAL LENDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| COPERNICO S. MAMERTO,<br><br>   Plaintiff,<br><br>v.<br><br>CITI RESIDENTIAL LENDING and<br>SPECIALIZED LOAN SERVICING, LLC,<br><br>   Defendant. | Case No: 08-CV-0589-H-JMA<br><br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN SUPPORT OF**<br>**OPPOSITION OF DEFENDANT CITI**<br>**RESIDENTIAL LENDING TO PLAINTIFF'S**<br>**THIRD MOTION FOR EX PARTE**<br>**TEMPORARY RESTRAINING ORDER** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**A.   Introduction**

Plaintiff COPERNICO S. MAMERTO ("MAMERTO") has now filed with this Court his third request for an Ex Parte Injunction; the court having denied MAMERTO's EX PARTE MOTION AND MOTION FOR EMERGENCY INJUNCTION ("Motion"), without prejudice and ordering that the defendants respond to this third Motion by August 1, 2008. (Exhibit 1 to Defendant CITI RESIDENTIAL LENDING's ("CITI RESIDENTIAL") Request for Judicial Notice ("RJN") filed concurrently herewith, which is a copy of this Court's Order Denying Third Motion for Temporary Restraining Order dated July 22, 2008.)

In MAMERTO's third Motion, he seeks to enjoin a foreclosure sale that was set to take place on July 23, 2008 regarding the real property identified within MAMERTO's Second Amended

Complaint ("SAC"), commonly described as 8485 Miguel Vista Place; San Diego, CA 92114 (the "subject property"). In his moving papers MAMERTO asserts that he is moving "this Honorable Court to enjoin and restrain CITI Residential Lending and Specialized Loan Servicing, LLC by issuing a Temporary Restraining Order enjoining and restraining the defendants from proceeding with the immediately pending foreclosure on [sic] home... " (Motion at p. 1:19-23.) However, as is set forth herein, MAMERTO has not only failed to establish in his moving papers that there is an immediately pending foreclosure to be enjoined here but, MAMERTO does not in any way establish in his moving papers that either CITI RESIDENTIAL LENDING or SPECIALIZED LOAN SERVICING LLC is the actual foreclosure trustee, processing the foreclosure at issue here.

Further, assuming that the foreclosure sale had taken place on July 23, 2008, MAMERTO's request to enjoin that sale would now be moot, as his time obviously would have expired, in his quest to enjoin that sale. However, as is more fully set forth herein and in the Declaration of Tami S. Crosby ("Crosby Declaration") filed in support of and concurrently with this Opposition, the foreclosure sale did not take place on July 23, 2008. In any event, MAMERTO's request to enjoin that sale is also moot because there currently is no date set for the foreclosure sale of the subject property, nor will there be in the immediate future, as MAMERTO has now filed Bankruptcy in the United States Bankruptcy Court, Southern District of California as case number 08-06960-13.

Thus, under the circumstances here, the relief sought by MAMERTO's third Motion is not substantiated by any legal or factual basis. Further, MAMERTO has not demonstrated, nor can he demonstrate, that the facts here merit the extraordinary remedy of a temporary restraining order, as there is no possibility of irreparable injury.

It must also be noted that MAMERTO's third Motion fails to demonstrate that MAMERTO has any remote possibility of probable success on the merits in this action, as MAMERTO has not cured, in any way, any of the defects raised by this Court in its order of June 11, 2008, denying MAMERTO's second Motion for Temporary Restraining Order (RJN, Exhibit 2), or those defects noted by Defendant CITI RESIDENTIAL in the Opposition it filed in response to MAMERTO's second Motion for Temporary Restraining Order (RJN, Exhibit 3), or in the Motion to Dismiss filed by CITI RESIDENTIAL (RJN, Exhibit 4), as well as the Motion to Dismiss filed by Defendant

- 2 -
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION OF DEFENDANT CITI RESIDENTIAL
LENDING TO PLAINTIFF'S THIRD MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to 3rd Req for TRO\Memo of P and As re Oppo to 3rd request for TRO.doc

SPECIALIZED LENDING SERVICES (RJN, Exhibit 5).

As the Court's Order of June 11, 2008 (RJN, Exhibit 2) notes, MAMERTO's SAC alleges only a single claim for what appears to be a violation of the Truth in Lending Law, 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. § 226, and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. § 45. The SAC consists entirely of unintelligible allegations of wrongdoing, none of which allege that CITI RESIDENTIAL was the lender involved in any transaction with MAMERTO. In fact, MAMERTO alleges only that CITI RESIDENTIAL "is a corporation engaged in the business of mortgage financing at 8180 and doing business in San Diego County, California. [*sic*] 22102." (SAC, para. 4, at pages 2-3.) Indeed, the Court's Order of June 11, 2008 (RJN, Exhibit 2) specifically notes that "The Note and Deed of Trust attached to the SAC indicate that the lender was Argent Mortgage Company, LLC, and it is not named as a defendant in this action."

The only relatively clear allegations asserted by MAMERTO in his SAC, are that the two named defendants in this action "(1) failed to deliver two copies of the notice of the right to rescind that set forth all required information; and (2) made incomplete or improper disclosures in connection with the transaction." (SAC ¶¶ 13-16.) Plaintiff alleges that he therefore had a right to rescind, which he exercised. However, MAMERTO has yet to establish that he in fact exercised this right by providing credible and admissible evidence to this Court.

In paragraph 7 of the SAC, MAMERTO alleges that he entered into a consumer credit transaction with the "Defendants". However, the documentary evidence upon which MAMERTO relies and has attached to his SAC, does not support this allegation. Specifically, MAMERTO asserts that Exhibit A to the SAC is "[a] true and correct copy of the credit agreement evidencing the transaction…" upon which MAMERTO bases his claim in this action. (SAC, para. 8, at p. 3.) Exhibit A to the SAC is actually a Fixed Rate Note that does not pertain to CITI RESIDENTIAL, as there is no mention of CITI RESIDENTIAL whatsoever in the Note. Further, if the debt that MAMERTO is disputing in this action is somehow related to a consumer credit transaction, then it of course has no bearing upon either the Fixed Rate Note attached to the SAC as Exhibit A, or the mortgage loan that is secured by the Deed of Trust attached to MAMERTO's SAC as Exhibit B.

In the SAC, MAMERTO seeks to rescind the credit transaction between himself and CITI

1  RESIDENTIAL. Yet, as set forth herein, it is conclusive from the face of MAMERTO's SAC, that
2  CITI RESIDENTIAL was not the entity providing credit to MAMERTO, nor is it responsible to
3  MAMERTO in this action.
4      MAMERTO's SAC also seeks to void the "Defendant's" security interest in the "Plaintiff's
5  homes". Yet, similarly, as set forth herein, it is conclusive from the face of MAMERTO's SAC that
6  CITI RESIDENTIAL has not retained any purported interest in MAMERTO's real property for which
7  MAMERTO seeks relief in this action. While it is readily apparent that the SAC does not identify to
8  which defendant MAMERTO is referring here, MAMERTO also fails to identify or describe more
9  than one "home", that home being 8485 Miguel Vista Place, San Diego, CA 92114 (SAC, para. 9, at
10 p. 3), to which neither of the named defendants in this action have retained an interest.
11     MAMERTO asserts in his SAC that, as part of the same "consumer credit transaction" (to
12 which CITI RESIDENTIAL was not a party), "the Defendants retained a security interest in [the
13 property]." (SAC, para. 9, at p. 3.) However, again, the documentary evidence upon which
14 MAMERTO relies and has attached to his SAC, does not support this allegation. MAMERTO
15 attaches as Exhibit B to the SAC, "[a] true and correct copy of the mortgage evidencing the
16 Defendant's security interest…" (SAC, para. 11, at p. 4.) A review of the Deed of Trust upon which
17 MAMERTO refers to here, demonstrates that CITI RESIDIENTIAL is not a party to that Deed of
18 Trust and therefore, CITI RESIDENTIAL has not, nor could it have, retained a security interest in
19 MAMERTO's property by way of the Deed of Trust attached as Exhibit B to the SAC.
20     As is set forth herein and in CITI RESIDENTIAL's Motion to Dismiss, MAMERTO has
21 failed to allege in the SAC any facts that would establish that CITI RESIDENTIAL is in any way
22 related to the credit transaction at issue in the SAC, or that CITI RESIDENTIAL has retained any
23 security interest in MAMERTO's real property. Thus, the SAC fails to state a claim upon which
24 relief can be granted and therefore, it naturally must follow that MAMERTO cannot establish any
25 semblance of success on the merits of his pending action.
26     MAMERTO's Motion must fail for a number of reasons. First, he simply cannot demonstrate,
27 nor do his moving papers establish, that there is a pending foreclosure sale to be enjoined. Secondly,
28 MAMERTO has failed to establish that either of the named defendants in this action is the actual

entity to be enjoined from proceeding with a foreclosure sale. Third, MAMERTO has not made any showing of likelihood of success on the merits here.

Finally, this Court has now been presented with and has taken under submission Motions to Dismiss filed on behalf of each of the named defendants in this action, CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC. Both of these motions went unopposed by MAMERTO[1]. Under the circumstances here, where the motions to dismiss have gone unopposed and there is no basis meriting the extraordinary remedy of a temporary restraining order, CITI RESIDENTIAL LENDING respectfully requests that this Court dismiss this action with prejudice pursuant to the Court's consideration of the unopposed Motions to Dismiss filed by Defendants.

**B.   Statement of Facts**

As is noted in CITI RESIDENTIAL's Opposition to Plaintiff's Motion for Ex Parte Temporary Restraining Order (2nd Motion), attached to RJN as Exhibit 3, from on or about October 6, 2007, CITI RESIDENTIAL has been and continues to be the Servicer and Attorney-in-Fact for Argent Mortgage Company LLC ("Argent Mortgage") pursuant to a Limited Power of Attorney between CITI RESIDENTIAL and Argent Mortgage. On or about February 16, 2006, MAMERTO executed a note in the amount of $408,000.00, from Argent Mortgage; this note having been secured by the Deed of Trust described above.

As is more fully set forth in the Crosby Declaration, MAMERTO defaulted on the loan secured by Deed of Trust in August 2007. MAMERTO has not made any payments on the loan since that date. A Notice of Default and Election to Sell Under Deed of Trust was recorded on January 2, 2008, with the San Diego County Recorder's office as Instrument No. 2008-0000379. (RJN, Ex. 6.), which demonstrates that as of December 31, 2007, MAMERTO's mortgage loan was in default in the amount of $12,648.48 and that amount continues to grow with each month that MAMERTO fails to pay on the Deed of Trust. The foreclosure trustee has recorded a Notice of Trustee's Sale however, as noted above, there currently is no sale date pending.

---

[1] MAMERTO filed an opposition to CITI RESIDENTIAL's Motion to Dismiss on July 31, 2008, well beyond the statutory time for filing such an opposition and should not be considered here.

## C. Argument

As the court pointed out in its June 11, 2008 Order (Exhibit 2 to the RJN):

"Where the defendant has an opportunity to be heard, the standards for granting a temporary restraining order are essentially the same as those for a preliminary injunction. See also Fed R. Civ. P. 65(b)(1) (setting requirements for granting ex parte relief). '[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor.' Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction 'represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.' Roe v. Anderson, 134 F.3d at 1402; see also Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003)."

MAMERTO's Motion is void of any facts whatsoever, that demonstrate that there is immediate and irreparable harm that will come to him from a non-existent foreclosure sale of the subject property. Further, MAMERTO has made no attempt to advise this Court that he has now filed a Chapter 13 Bankruptcy petition and as a result, there is a stay in effect that would serve to prevent anyone from scheduling a foreclosure sale at this time. MAMERTO simply cannot demonstrate that there is a likelihood of success on the merits here, and more particularly that there is a likelihood of success on the merits, as to any named defendant in this action.

Thus, for the reasons set forth herein, the only plausible conclusion that can be reached here, is that MAMERTO has not satisfied either of the Ninth Circuit's standards for obtaining a Temporary Restraining Order and his request should be denied with prejudice.

## D. Plaintiff is Required to Post an Undertaking Pursuant to FRCP Rule 65(c)

FRCP, Rule 65 (c) allows for the court to order an undertaking on granting a TRO. Should the court grant the TRO sought by MAMERTO in this matter, CITI RESIDENTIAL respectfully requests that the posting of a bond in the amount necessary to reinstate the loan should be required by

- 7 -

1  the Court, in an amount to be determined at the time of the hearing on this matter, as the reinstatement
2  amount must be determined based upon the accrued daily rate of interest.

3  **E.    Conclusion**

4  Based upon the foregoing, it is respectfully requested that the Court deny MAMERTO's third
5  Ex Parte Motion and Motion for Emergency Injunction or, alternatively, should the Court grant the
6  Motion, that the Court require MAMERTO to post a bond in the amount necessary to reinstate the
7  loan, in an amount to be determined at the time of the hearing on this matter.

9  Respectfully Submitted,

11                                    Miles, Bauer, Bergstrom & Winters, LLP

13  Dated: August 1, 2008                    /s/ Tami S. Crosby
                                             Tami S. Crosby
14                                           Specially Appearing as Attorneys for
15                                           CITI RESIDENTIAL LENDING, INC.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 8/1/08, I caused to be personally served a copy of the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION OF DEFENDANT CITI RESIDENTIAL LENDING TO PLAINTIFF'S THIRD MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se,
8485 Miguel Vista Place
San Diego, CA 92114
619-472-9924
(Plaintiff, pro se)

Alan I. White, Esq.
20281 SW Birch Street, Suite 100
Newport Beach, CA 92660
(Counsel for Defendant Specialized Loan Servicing)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/1/08, at Costa Mesa, California.

/s/ Marion Pineda

Marion Pineda