1  MILES, BAUER, BERGSTROM & WINTERS, LLP
   Tami S. Crosby, SBN 129021
2  1665 Scenic Avenue, Suite 200
3  Costa Mesa, CA 92626
   714-481-8355
4  714-481-9152 Facsimile
5
   Attorneys for Defendant
6  CITI RESIDENTIAL LENDING
7
8                    UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO
10
11 COPERNICO S. MAMERTO,               )  Case No:  08-CV-0589-H-JMA
                                       )
12              Plaintiff,             )  **REQUEST FOR JUDICIAL NOTICE IN**
13       v.                            )  **SUPPORT OF OPPOSITION OF**
                                       )  **DEFENDANT CITI RESIDENTIAL LENDING**
14 CITI RESIDENTIAL LENDING and        )  **TO PLAINTIFF'S NOTICE OF EX PARTE**
15 SPECIALIZED LOAN SERVICING, LLC,    )  **MOTION AND MOTION FOR EMERGENCY**
                                       )  **INJUNCTION**
16              Defendant.             )
                                       )
17 ────────────────────────────────────)

18       TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

19 RECORD:

20       PLEASE TAKE NOTICE THAT, in conjunction with the Opposition and pursuant to Federal

21 Rules of Evidence ("Fed. R. Evid."), Rule 201, Defendant CITI RESIDENTIAL LENDING, INC.,

22 named herein as CITI RESIDENTIAL LENDING, respectfully requests that this Court take judicial

23 notice of the following documents which are matters of public record not subject to dispute.  (Fed. R.

24 Evid. 201(b).)   Said documents are attached hereto under the following exhibits numbers:

25

26       1. July 22, 2008 Court ORDER DENYING THIRD MOTION FOR TEMPORARY

27          RESTRAINING ORDER, contained within this Court's file.

28

1     2. June 11, 2008 Court ORDER (1) DENYING WITHOUT PREJUDICE SECOND MOTION

2          FOR TEMPORARY RESTRAINING ORDER; AND (2) GRANTING REQUEST FOR

3          JUDICIAL NOTICE, contained within this Court's file.

4     3. Defendant CITI RESIDENTIAL LENDING's SPECIAL APPEARANCE FOR THE

5          PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE

6          TEMPORARY RESTRAINING ORDER, contained within this Court's file.

7     4. Defendant CITI RESIDENTIAL'S MOTION TO DISMISS PLAINTIFF'S SECOND

8          AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH

9          RELIEF CAN BE GRANTED, contained within this Court's file.

10    5. Defendant SPECIALIZED LOAN SERVICING, LLC,'s MOTION TO DISMISS

11         PLAINTIFF'S SECOND AMENDED COMPLAINT, contained within this Court's file.

12    6. Notice of Default and Election to Sell Under Deed of Trust, recorded on January 2, 2008

13         with the San Diego County Recorder's office as Instrument No. 2008-00003792.

14       Judicial notice of the foregoing is appropriate because their contents and authenticity cannot

15  reasonably be disputed.  Under Federal Rule of Evidence 201 (b), judicial notice is proper for facts

16  that are capable of accurate and ready determination by resorting to sources whose accuracy cannot be

17  reasonably questioned.  Matters that are appropriate for judicial notice include matters of public

18  record.  See, *Mack v. South Bay Beer Distributors*, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). When

19  a party has requested judicial notice and supplied the court with the necessary information, judicial

20  notice is mandatory. (Federal Rule of Evidence 201 (d).)

21       Accordingly, Defendant CITI RESIDENTIAL LENDING, INC. requests that this Court take

22  judicial notice of the foregoing public records.

23

24  Respectfully submitted,

25                      Miles, Bauer, Bergstrom & Winters, LLP

26  Dated: August 1, 2008         By:_____ /s/ Tami S. Crosby_____

27                       Tami S. Crosby
                           Specially Appearing as Attorneys for

28                       CITI RESIDENTIAL LENDING, INC.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION OF DEFENDANT CITI RESIDENTIAL
LENDING TO PLAINTIFF'S NOTICE OF EX PARTE MOTION AND MOTION FOR EMERGENCY INJUNCTION
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to 3rd Req for TRO\Req for Judicial Notice re 3rd TRO request.doc

# EXHIBIT     1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO, | CASE NO. 08-CV-0589-H (JMA) |
| Plaintiff, | |
| vs. | ORDER DENYING THIRD MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE |
| CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC, | |
| Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

On July 21, 2008, Plaintiff Copernico Mamerto ("Plaintiff"), proceeding pro se, submitted his third ex parte motion for a temporary restraining order ("TRO") in this case. (Doc. No. 34.) The Court previously denied two motions for TROs seeking to prevent a foreclosure of Plaintiff's property.[1] (See Doc. Nos. 7, 24.) Plaintiff now seeks to enjoin a foreclosure sale set for July 23, 2008. The Court has reviewed the motion and concludes that it does not merit the extraordinary remedy of a temporary restraining order. Plaintiff has not shown that money damages would not suffice. Accordingly, the Court denies the motion without prejudice. Since the Court has denied the motion without prejudice, the Court also orders defendants to respond to the ex parte request by **August 1, 2008**.

---

[1]The Court denied the first motion without a response from defendants. (See Doc. No. 7.) The Court denied the second motion after considering a response from defendants. (See Doc. No. 24.)

1       The Court encourages Plaintiff to respond to the defendants' motions to dismiss.

2   The Court issued orders on July 8, 2008, and July 16, 2008, advising Plaintiff of these

3   motions.  (Doc. Nos. 31-32.)  The Court again cautions Plaintiff that if he does not

4   respond to either motion to dismiss, the Court may dismiss this action in its entirety if

5   warranted under the law.  For that reason, the Court strongly encourages Plaintiff to

6   respond to the motions to dismiss.

7       IT IS SO ORDERED.

8   DATED:  July 22, 2008

9

10                      MARILYN L. HUFF, District Judge
                        UNITED STATES DISTRICT COURT

11  COPIES TO:
    All parties of record.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

08cv589

# EXHIBIT    2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COPERNICO MAMERTO,<br><br>                          Plaintiff,<br><br>     vs.<br><br>CITI RESIDENTIAL LENDING and<br>SPECIALIZED LOAN SERVICING,<br>LLC,<br><br>                          Defendants. | CASE NO. 08-CV-0589-H<br>(JMA)<br><br>ORDER:<br><br>(1) DENYING WITHOUT<br>PREJUDICE SECOND<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER; AND<br><br>(2) GRANTING REQUEST FOR<br>JUDICIAL NOTICE |

On May 22, 2008, Plaintiff Copernico Mamerto ("Plaintiff"), proceeding pro se, submitted a second amended complaint and a second ex parte motion for temporary restraining order ("TRO"). (Doc. Nos. 14, 16.) On May 23, 2008, the Court entered an order declining to grant relief on an ex parte basis and setting a briefing schedule on the motion for a temporary restraining order. (Doc. No. 17.) On June 2, 2008, defendants Specialized Loan Servicing, LLC ("SLS") and Citi Residential Lending ("Citi") filed oppositions to the motion. (Doc. Nos. 18-19.) Citi appears specially for the purpose of opposing the motion. (See Doc. No. 19.) Citi also submitted a request for judicial notice. (See Doc. No. 19.) As of the date of this order, Plaintiff has not filed any optional reply in support of his motion, due on June 9, 2008. (See Doc.

- 1 -

No. 17.)

## Request for Judicial Notice

Citi asks the Court to take judicial notice of two documents: (1) Notice of Default and Election to Sell Under Deed of Trust, recorded January 2, 2008, with the San Diego County Recorder's office; (2) Notice of Trustee's Sales, recorded April 7, 2008, with the San Diego County Recorder's office. (See Citi's Request for Judicial Notice ("RJN").) Plaintiff has not responded to the request. The Court concludes that these are matters of public record not subject to reasonable dispute and grants the request accordingly. See Fed. R. Evid. 201(b).

## Motion for Temporary Restraining Order

Where the defendant has an opportunity to be heard, the standards for granting a temporary restraining order are essentially the same as those for a preliminary injunction. See also Fed R. Civ. P. 65(b)(1) (setting requirements for granting ex parte relief). "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d at 1402; see also Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

The Court concludes that Plaintiff has not satisfied either of the Ninth Circuit's standards for a TRO. Plaintiff seeks to retain possession of his home, which he may lose as a result of a foreclosure and related proceedings. The Notice of Trustee's Sale indicates that a sale was scheduled to take place on April 23, 2008 at 10:00 a.m. (See RJN Ex. 2.) It is unclear from the parties' filings whether such a sale in fact took place. Plaintiff also seeks to prevent Defendants from seeking a "wrongful detainer action" or "applying for a writ of possession." Plaintiff has not alleged, or submitted evidence,

that either Defendant has taken such action or will do so imminently. Therefore, Plaintiff has made a minimal showing of the possibility of irreparable injury and must make a correspondingly strong showing of likelihood of success on the merits.

Plaintiff's Second Amended Complaint ("SAC") alleges a violation of the Truth in Lending Act ("TILA""), 15 U.S.C. § 1635, and the related Regulation Z, 12 C.F.R. § 226.23, during the initial loan transaction. (SAC ¶¶ 12-21.) Plaintiff alleges that Defendants: (1) failed to deliver two copies of the notice of the right to rescind that set forth all required information; and (2) made incomplete or improper disclosures in connection with the transaction. (SAC ¶¶ 13-16.) Plaintiff alleges that he therefore had a right to rescind, which he exercised. (SAC ¶¶ 17-18.) Plaintiff does not indicate when he exercised the alleged right, except to say that it was at least 20 days before filing of the SAC on May 23, 2008. (SAC ¶ 19.) The Note and Deed of Trust attached to the SAC indicate that the lender was Argent Mortgage Company, LLC, and it is not named as a defendant in this action. Having reviewed all materials submitted by Plaintiff, the Court concludes that he has not made a showing of likelihood of success on the merits of his claim sufficient to warrant injunctive relief at this time.

## Conclusion

For the reasons set forth above, the Court denies the second motion for temporary restraining order without prejudice.

IT IS SO ORDERED.

DATED: June 11, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

# EXHIBIT    3

1  MILES, BAUER, BERGSTROM & WINTERS, LLP
   Tami S. Crosby, SBN 129021
2  1665 Scenic Avenue, Suite 200
   Costa Mesa, CA 92626
3  714-481-8355
   714-481-9152 Facsimile
4

5
   Specially Appearing as Attorneys for Defendant
6  CITI RESIDENTIAL LENDING

7
                        UNITED STATES DISTRICT COURT
8
               SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO
9

10

11  COPERNICO MAMERTO,                   )  Case No:  08-CV-0589-H-JMA
                                         )
12            Plaintiff,                 )  DEFENDANT CITI RESIDENTIAL
                                         )  LENDING'S SPECIAL APPEARANCE FOR
13       v.                              )  THE PURPOSE OF FILING OPPOSITION TO
                                         )  PLAINTIFF'S MOTION FOR EX PARTE
14  CITI RESIDENTIAL LENDING and         )  TEMPORARY RESTRAINING ORDER
    SPECIALIZED LOAN SERVICING, LLC,     )
15                                       )
16            Defendant.                 )  Date:  June 16, 2008
                                         )  Time:  10:30 a.m.
17                                       )  Dept.:  H
                                         )
18  _____     )

19       Defendant CITI RESIDENTIAL LENDING, INC., sued herein as CITI RESIDENTIAL

20  LENDING (hereinafter "CITI RESIDENTIAL"), hereby specially appears for the purpose of

21  submitting the following opposition to Plaintiff COPERNICO MAMERTO's ("MAMERTO"), Second

22  Amended Motion for Ex Parte Temporary Restraining Order, currently set for hearing on June 16,

23  2008, in Department H of the above entitled court.  CITI RESIDENTIAL is specially appearing here,

24  as it has yet to be served with MAMERTO's Second Amended Verified Complaint in this action.

25                              Miles, Bauer, Bergstrom & Winters, LLP

26  Dated: June 2, 2008          By:_____/s/ Tami S. Crosby_____
                                       Tami S. Crosby
27                                     Specially Appearing as Attorneys for
                                       CITI RESIDENTIAL LENDING, INC.
28

---
- 1 -

1  MILES, BAUER, BERGSTROM & WINTERS, LLP
   Tami S. Crosby, SBN 129021
2  1665 Scenic Avenue, Suite 200
   Costa Mesa, CA 92626
3  714-481-8355
4  714-481-9152 Facsimile

5
   Specially Appearing as Attorneys for Defendant
6  CITI RESIDENTIAL LENDING

7

8                    UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO
9

10

11  COPERNICO MAMERTO,                 )  Case No:  08-CV-0589-H-JMA
                                        )
12              Plaintiff,              )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN SUPPORT OF**
13       v.                             )  **DEFENDANT CITI RESIDENTIAL**
                                        )  **LENDING'S SPECIAL APPEARANCE FOR**
14  CITI RESIDENTIAL LENDING and        )  **THE PURPOSE OF FILING OPPOSITION TO**
    SPECIALIZED LOAN SERVICING, LLC,    )  **PLAINTIFF'S MOTION FOR EX PARTE**
15                                      )  **TEMPORARY RESTRAINING ORDER**
                                        )
16              Defendant.              )
                                        )
17                                      )  Date:  June 16, 2008
                                        )  Time:  10:30 a.m.
18                                      )  Dept.:  H
                                        )
19  _____ )

20              <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

21  A.    <u>Introduction</u>

22       Plaintiff COPERNICO MAMERTO's ("MAMERTO") Second Amended Motion for Ex Parte

23  Temporary Restraining Order ("Motion"), viewed in conjunction with his Second Amended Verified

24  Complaint ("SAC") is virtually unintelligible in that the Motion requests that this Court "enjoin any

25  unlawful detainer or writ of possession to allow Plaintiff and Defendants to set forth their respective

26  claims." (Moving papers at p. 12:11-13.)  However, despite MAMERTO's request to enjoin any

27  unlawful detainer or writ of possession, MAMERTO still holds title to the subject property.

28

1  the status of either an unlawful detainer action or writ of possession.  To the contrary, while

2  MAMERTO has in fact defaulted on the loan secured by Deed of Trust (See Request for Judicial

3  Notice "RJN", Exhibit 1), and the Trustee's foreclosure sale is currently pending on June 23, 2008

4  (RJN, Ex. 2), nowhere within the moving papers does MAMERTO seek any relief pertaining to the

5  pending foreclosure sale.

6  　　　Thus, as noted herein, MAMERTO's motion is premature, he cannot at this time demonstrate

7  immediate irreparable harm in seeking to enjoin any unlawful detainer action or writ of possession that

8  has not yet occurred and his Motion should be denied.

9  **B.**　**Statement of Facts**

10  　　　From on or about October 6, 2007, CITI RESIDENTIAL has been and continues to be the

11  Servicer and Attorney-in-Fact for Argent Mortgage Company LLC ("Argent Mortgage") pursuant to a

12  Limited Power of Attorney between CITI RESIDENTIAL and Argent Mortgage, as executed by

13  Argent Mortgage on October 6, 2007.  A copy of the Power of Attorney is attached to the Declaration

14  of Tami S. Crosby ("Crosby Declaration") as Exhibit 1.  On or about February 16, 2006,

15  MAMERTO executed a note in the amount of $408,000.00 from Argent Mortgage; this note having

16  been secured by the Deed of Trust described above.

17  　　　As is more fully set forth in the Crosby Declaration, MAMERTO defaulted on the loan

18  secured by Deed of Trust in August, 2007 and MAMERTO has not made any payment on the Deed of

19  Trust since that date.  A Notice of Default and Election to Sell Under Deed of Trust was recorded on

20  January 2, 2008 with the San Diego County Recorder's office as Instrument No. 2008-0000379.

21  (RJN, Ex. 1.), which demonstrates that as of December 31, 2007, MAMERTO's mortgage loan was

22  in default in the amount of $12,648.48 and that amount continues to grow with each month that

23  MAMERTO fails to pay on the Deed of Trust.  On April 7, 2008, a Notice of Trustee's Sale was

24  recorded with the San Diego County Recorder's office as Instrument No. 2008-0180799. (RJN, Ex.

25  2.)

26  **C.**　**Argument**

27  　　　A Temporary Restraining Order ("TRO") is an extraordinary remedy that will be granted only

28  in cases where the need for immediate relief is clear.  Although the court may grant such a request

1  without notice to the opposing side, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65,

2  the court may issue a temporary restraining order without written or oral notice to the adverse party or

3  its attorney only if:

4     "(A) specific facts in an affidavit or a verified complaint clearly show that immediate

5     and irreparable injury, loss, or damage will result to the movant before the adverse

6     party can be heard in opposition; and

7     (B) the movant's attorney certifies in writing any efforts made to give notice and the

8     reasons why it should not be required."

9       Thus, the affidavit must define the injury and state why it is irreparable and why such an

10  affidavit should be granted without notice.  (FRCP 65(b)(1)(A).)  Further, the applicant, in this case

11  MAMERTO, must provide notice to all who are bound by personal service or otherwise. (FRCP

12  65(d)(2)) or alternatively, provide the court with a Certificate from MAMERTO setting forth the

13  efforts he made to notify opposing counsel of the application for TRO (FRCP Rule 65(b)(1)(B);

14  *American Can Co. v. Mansukhani* (7th Cir. 1984) 742 F2d 314, 322 — "an ex parte order is proper

15  only when there is no reasonable alternative".)

16       Even if the TRO application is otherwise meritorious, it is within the court's discretion to deny

17  the application simply on the ground that adequate efforts were not made to notify the opposing side,

18  or that there is no justifiable reason for issuing the TRO without notice. (*Reno Air Racing Ass'n, Inc.

19  v. McCord* (9th Cir. 2006) 452 F3d 1126, 1131–1132.)  In fact, in the case of *Ziegman Productions

20  Inc. v. City of Milwaukee* (ED WI 1980) 496 F.Supp. 965, 967, the court denied the plaintiff's

21  application for TRO due to lack of adequate notice, despite the fact that the plaintiff had demonstrated

22  efforts to notify two specific deputy city attorneys of his application for TRO.

23       While it is permissible in an emergency situation to base an application for TRO on a verified

24  complaint (*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.* (SD NY 1977) 74 FRD 621) as noted in

25  *Weil and Brown, Federal Civil Procedure Before Trial*, Chapter 13-D, § 13:103.

26     "The court will want a factual showing as to the emergent nature of the relief sought.

27     Pleadings usually contain too many conclusions and generalizations."

28       MAMERTO has not complied with any of the requirements of FRCP, Rule 65 in that he has

1  failed to provide specific facts in either an affidavit accompanying his Motion or in his verified
2  complaint, that "clearly show that immediate and irreparable injury, loss, or damage will result to the
3  movant before the adverse party can be heard in opposition". (FRCP 65(b)(1)(A).)  In fact,
4  MAMERTO's Motion is not accompanied by any affidavit whatsoever.  Secondarily, even though he
5  filed his Motion concurrently with his verified SAC, MAMERTO is still in legal possession of the
6  subject property.

7         MAMERTO's Motion is void of any facts whatsoever that demonstrate that there is immediate
8  and irreparable harm that will come to him from a non-existent unlawful detainer action or writ of
9  possession – nor does MAMERTO assert any facts to demonstrate that he is no longer in legal
10  possession of the property.   MAMERTO simply cannot demonstrate that any named defendant in this
11  action has filed or is somehow pursuing an unlawful detainer action against him or that any named
12  defendant has obtained a writ of possession pertaining to the subject property.

13        Further, as is noted in the Crosby Declaration, MAMERTO made no effort whatsoever to
14  provide notice of the hearing on his Motion to either CITI RESIDENTIAL or its counsel of record.
15  CITI RESIDENTIAL has not been served with either the SAC or any of the documents pertaining to
16  MAMERTO's Motion for Ex Parte Temporary Restraining Order.  As is more fully set forth in the
17  Crosby Declaration, it was not until counsel for CITI RESIDENTIAL reviewed this Court's "on-line"
18  docket on May 28, 2008, that it was determined that MAMERTO had filed such documents with the
19  court.  And the basis now for CITI RESIDENTIAL's special appearance in opposing MAMERTO's
20  Motion for Ex Parte Temporary Restraining Order.

21        Here, CITI RESIDENTIAL is the one penalized for MAMERTO's delay tactics in filing the
22  within action and his request for TRO, and having to defend itself in what should be a simple
23  foreclosure proceeding.  Until and unless the foreclosure sale is completed and CITI RESIDENTIAL
24  is able to market the subject property, CITI RESIDENTIAL will not be in a position to recover the
25  amount due on the Deed of Trust.

26  D.    **Plaintiff is Required to Post an Undertaking Pursuant to FRCP Rule 65(c)**

27        FRCP, Rule 65 (c) allows for the court to order an undertaking on granting a TRO.  Should
28  the court grant the TRO sought by MAMERTO in this matter, CITI RESIDENTIAL respectfully

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL
LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION
FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to TRO.doc

1   requests that the posting of a bond in the amount necessary to reinstate the loan should be required by

2   the Court, in an amount to be determined at the time of the hearing on this matter, as the reinstatement

3   amount must be determined based upon the accrued daily rate of interest.

4   **E.    Conclusion**

5           Based upon the foregoing, it is respectfully requested that the Court deny MAMERTO's

6   Motion for Ex Parte Temporary Restraining Order or, alternatively, should the Court grant the

7   Motion, that the court require MAMERTO to post a bond in the amount necessary to reinstate the

8   loan, in an amount to be determined at the time of the hearing on this matter.

9

10  Respectfully Submitted,

11

12                                          Miles, Bauer, Bergstrom & Winters, LLP

13

14  Dated: June 2, 2008                 By:    /s/ Tami S. Crosby

15                                          Tami S. Crosby
                                            Specially Appearing as Attorneys for
16                                          CITI RESIDENTIAL LENDING, INC.

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL
LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION
FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to TRO.doc

**PROOF OF SERVICE**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California  92626-9804.

    On 6/2/08, I caused to be personally served a copy of the following document(s):

- **DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se,    Alan I. White, Esq.
8485 Miguel Vista Place          20281 SW Birch Street, Suite 100
San Diego, California 92114      Newport Beach, 92660
619) 472-9924

                         (Counsel for Defendant Specialized Loan Servicing)

(Plaintiff, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 6/2/08, at Costa Mesa, California.

                                   /s/ Marion Pineda
                                     Marion Pineda

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITI RESIDENTIAL LENDING'S SPECIAL APPEARANCE FOR THE PURPOSE OF FILING OPPOSITION TO PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to TRO.doc

# EXHIBIT    4

MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Specially Appearing as Attorneys for Defendant
CITI RESIDENTIAL LENDING

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | | |
|---|---|---|
| COPERNICO MAMERTO, | ) | Case No: 08-CV-0589-H-JMA |
| | ) | |
| Plaintiff, | ) | **DEFENDANT CITI RESIDENTIAL** |
| v. | ) | **LENDING'S NOTICE OF MOTION RE** |
| | ) | **DEFENDANT'S MOTION TO DISMISS** |
| CITI RESIDENTIAL LENDING and | ) | **PLAINTIFF'S SECOND AMENDED** |
| SPECIALIZED LOAN SERVICING, LLC, | ) | **COMPLAINT FOR FAILURE TO STATE A** |
| | ) | **CLAIM UPON WHICH RELIEF CAN BE** |
| Defendant. | ) | **GRANTED** |
| | ) | |
| | ) | (FRCP 12(B)(6)) |
| | ) | |
| | ) | Date:      July 28, 2008 |
| | ) | Time:      10:30 a.m. |
| | ) | Courtroom:   13 |

TO: PLAINTIFF COPERNICO MAMERTO, PRO SE:

PLEASE TAKE NOTICE that on July 28, 2008, at 10:30 a.m., in Courtroom 13, or as soon

thereafter as the matter may be heard in the above-entitled Court, located at the U.S. District Court,

Southern District of California, 940 Front Street, San Diego, CA 92101-8900; Defendant CITI

RESIDENTIAL LENDING ("CITI RESIDENTIAL") will and hereby does, respectfully move the

Court for an order dismissing this action as to CITI RESIDENTIAL, in its entirety, with prejudice.

This Motion is made pursuant to Federal Rules of Civil Procedure ("FRCP"), section 12(b)(6),

on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to

1    Defendant CITI RESIDENTIAL; and Plaintiff's Complaint fails to comply with FRCP, Rule 8.

2        This Motion will be based upon this Notice of Motion and upon the accompanying

3    Memorandum of Points and Authorities, upon all papers and pleadings on file in this action, and upon

4    such other and further matters as the court may permit to be presented at the time of the hearing.

5

6                  Miles, Bauer, Bergstrom & Winters, LLP

7    Dated: June 25, 2008        By:_____/s/ Tami S. Crosby_____

8                    Tami S. Crosby
                     Attorneys for

9                    CITI RESIDENTIAL LENDING, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. CITI RESIDENTIAL LENDING'S NOTICE OF MOTION RE DEF'S MOTION TO DISMISS PLAINTIFF'S 2nd
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Notice re Motion to Dismiss.doc

Case 3:08-cv-00589-H-JMA    Document 30-2    Filed 06/25/2008    Page 3 of 3

PROOF OF SERVICE

1

2    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party
3    to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California
     92626-9804.
4

5    On 6/25/08, I caused to be personally served a copy of the following document(s):

6    DEFENDANT CITI RESIDENTIAL LENDING'S NOTICE OF MOTION RE DEFENDANT'S
7    MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO
     STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
8

9    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing
     correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on
10   that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary
     course of business. I am aware that on motion of the party served, service is presumed invalid if
11   postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
12   affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon
     fully prepaid addressed as follows:
13

14   Copernico S. Mamerto, Pro se
     8485 Miguel Vista Place
15   San Diego, CA 92114
     619) 472-9924
16   (Plaintiff, pro se)

17
     Alan I. White, Esq.
18   20281 SW Birch Street, Suite 100
     Newport Beach, CA 92660
19   (Counsel for Defendant Specialized Loan Servicing)
20

     STATE: I declare under penalty of perjury under the laws of the State of California that the above is
21   true and correct.

22
     FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is
23   true and correct, and that I am employed in the office of a member of the bar of this court at whose
24   direction the service was made.

25   Executed on 6/25/08, at Costa Mesa, California.

26
                                                    /s/ Marion Pineda
27                                                  Marion Pineda

28

---

DEF. CITI RESIDENTIAL LENDING'S NOTICE OF MOTION RE DEF'S MOTION TO DISMISS PLAINTIFF'S 2nd
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Notice re Motion to Dismiss.doc

## Calendar Slip - CM BK

---

Event Date:          **08/21/08 @ 9:30 AM**

Name:                Madrid, Catalina G. & Reodica, Albert C.
Code:                CWL
File Number:         08-72920
Court:               SF
Judge:               Hon. Dennis Montali
Chapter:             13

Event:               **MRS**

BK Case Number:      07-31207 DM

Specialist:          Rachel Alm

---

# BANKRUPTCY BILLING REQUEST FORM

| | | |
|---|---|---|
| **File Number:** 08-72920 | **Client:** CWL | **Total:** $ 800.00 |
| **Debtor:** MADRID | **Chapter:** 7 | **Date:** 8/1/2008 |
| **Loan Type:** CONV | **Prepared By:** RMA | **Attorney:** MTD |

## MOTION FOR RELIEF FILING FEE

Filing Fee ($150.00) / M610    Total $ 150.00

## COST TO OBTAIN DOCUMENTS

| | | |
|---|---|---|
| Invoice # _____ | Vendor _____ | Amount _____ |
| Invoice # _____ | Vendor _____ | Amount _____ |
| Other _____ | M320SCMB | Amount _____ |
| | | Total $ - |

## ATTORNEY FEES

| X | M110 | ATTORNEY FEE - BANKRUPTCY |
|---|---|---|

| **Miscellaneous Attorney's Fees** | | **Amount** |
|---|---|---|
| _____ | BK920 | Obtain Documents Only |
| _____ | BK921 | Open File, Review Case & Obtain Closing Docs |
| _____ | BK910 | Bankruptcy Case Converted to a New Chapter |
| _____ | BK930 | Preparation of 10-Day Breach Letter ***Breach Cured*** |
| *Check # & Amount:* | | |
| *Other:* | | |

| **Pre-Confirmation Attorney's Fees** | | **Amount** |
|---|---|---|
| _____ | BK903 | Plan Review & Appearance at 341(a) Meeting to Object to Confirmation |
| _____ | BK904 | Objection to Confirmation of Plan (Oral OBJS) |
| _____ | BK905 | Preparation of Declaration in Support of Objections |
| _____ | BK906 | Preparation of Objection to Confirmation of Plan (Written OBJS) |
| _____ | BK907 | Preparation of Proof of Claim and Plan Review |
| _____ | BK908 | Appearance at 341(a) Meeting |
| _____ | BK909 | Appearance at Confirmation Hearing |

| **Motion for Relief** | | **Amount  $ 650.00** |
|---|---|---|
| X | BK900 | Preparation of Declaration in Support of Motion for Relief |
| X | BK901 | Preparation of Motion for Relief |
| X | BK902 | Appearance at Motion for Relief from Stay |

| | |
|---|---|
| **Total Fees  $** | 650.00 |
| **Total Costs  $** | 150.00 |
| **TOTAL BILLING  $** | 800.00 |

1    MILES, BAUER, BERGSTROM & WINTERS, LLP
     Tami S. Crosby, SBN 129021
2
     1665 Scenic Avenue, Suite 200
3    Costa Mesa, CA 92626
     714-481-8355
4    714-481-9152 Facsimile

5
     Specially Appearing as Attorneys for Defendant
6    CITI RESIDENTIAL LENDING

7

8                   **UNITED STATES DISTRICT COURT**
         **SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO**
9

10

| | |
|---|---|
| 11   COPERNICO MAMERTO, | )   Case No:  08-CV-0589-H-JMA |
| 12         Plaintiff, | ) **DEFENDANT CITI RESIDENTIAL** |
| 13       v. | ) **LENDING'S MOTION TO DISMISS** |
|  | ) **PLAINTIFF'S SECOND AMENDED** |
| 14   CITI RESIDENTIAL LENDING and | ) **COMPLAINT FOR FAILURE TO STATE A** |
| 15   SPECIALIZED LOAN SERVICING, LLC, | ) **CLAIM UPON WHICH RELIEF CAN BE** |
|  | ) **GRANTED; MEMORANDUM OF POINTS** |
| 16       Defendant. | ) **AND AUTHORITIES IN SUPPORT THEREOF** |
| 17 | ) |
|  | ) (FRCP 12(B)(6)) |
| 18 | ) |
| 19 | )   Date:      July 28, 2008 |
|  | )   Time:     10:30 a.m. |
| 20 | )   Courtroom:   13 |

21                 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

22 **1.**      <u>**Introduction**</u>

23       Plaintiff COPERNICO MAMERTO ("MAMERTO") has named, as a defendant in this action,

24 CITI RESIDENTIAL LENDING ("CITI RESIDENTIAL").  However, MAMERTO has failed to

25 serve CITI RESIDENTIAL with the Second Amended Complaint ("SAC") which he filed in this

26 action on May 23, 2008.  Despite this, CITI RESIDENTIAL hereby makes its general appearance in

27 this matter with the filing of this Motion to Dismiss.

28       While MAMERTO's SAC Complaint alleges only a single claim for what appears to be a

DEF CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLT'S 2nd AMENDED COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMO. OF POINTS & AUTHORITIES
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Ps & As re Motion to Dismiss.doc

1  violation of the *Truth in Lending Law*, 15 U.S.C. Section 1601, Regulation Z, 12 C.F.R. Section 226,

2  and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. Section 45, it consists of entirely

3  unintelligible allegations of wrongdoing, none of which allege that CITI RESIDENTIAL was the

4  lender involved in any transaction with MAMERTO. In fact, MAMERTO alleges only that CITI

5  RESIDENTIAL "is a corporation engaged in the business of mortgage financing at 8180 and doing

6  business in San Diego County, California. [*sic*] 22102." (SAC, para. 4, at pages 2-3.)

7       In paragraph 7 of the SAC, MAMERTO alleges that he entered into a consumer credit

8  transaction with the "Defendants". However, the documentary evidence upon which MAMERTO

9  relies and has attached to his SAC, does not support this allegation. Specifically, MAMERTO asserts

10  that Exhibit A to the SAC is "[a] true and correct copy of the credit agreement evidencing the

11  transaction..." upon which MAMERTO bases his claim in this action. (SAC, para. 8, at p. 3.)

12  Exhibit A is a Fixed Rate Note that does not pertain to CITI RESIDENTIAL, as there is no mention

13  of CITI RESIDENTIAL whatsoever in the Note.

14       In the SAC, MAMERTO seeks to rescind the credit transaction between himself and CITI

15  RESIDENTIAL. Yet, as set forth herein, it is conclusive from the face of MAMERTO's SAC that

16  CITI RESIDENTIAL was not the entity providing credit to MAMERTO nor is it responsible to

17  MAMERTO in this action.

18       MAMERTO's SAC also seeks to void the "Defendant's" security interest in the "Plaintiff's

19  homes". Yet, similarly, as set forth herein, it is conclusive from the face of MAMERTO's SAC that

20  CITI RESIDENTIAL has not retained any purported interest in MAMERTO's real property for which

21  MAMERTO seeks relief in this action. While it is readily apparent that the SAC does not identify to

22  which defendant MAMERTO is referring here, MAMERTO also fails to identify or describe more

23  than one "home", that home being 8485 Miguel Vista Place, San Diego, CA 92114 (SAC, para. 9, at

24  p. 3), to which neither of the named defendants in this action have retained an interest.

25       MAMERTO asserts in his SAC that, as part of the same "consumer credit transaction" to

26  which CITI RESIDENTIAL was not a party, "the Defendants retained a security interest in [the

27  property]." (SAC, para. 9, at p. 3.) However, again, the documentary evidence upon which

28  MAMERTO relies and has attached to his SAC, does not support this allegation. MAMERTO

DEF CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLT'S 2nd AMENDED COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMO. OF POINTS & AUTHORITIES
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Ps & As re Motion to Dismiss.doc

1   attaches as Exhibit B to the SAC, "[a] true and correct copy of the mortgage evidencing the

2   Defendant's security interest..." (SAC, para. 11, at p. 4.)  A review of the Deed of Trust upon which

3   MAMERTO refers to here, demonstrates that CITI RESIDENTIAL is not a party to that Deed of

4   Trust and therefore, CITI RESIDENTIAL has not, nor could it have, retained a security interest in

5   MAMERTO's property by way of that Deed of Trust.

6          MAMERTO has failed to allege in the SAC any facts that would establish that CITI

7   RESIDENTIAL is in any way related to the credit transaction at issue in the SAC or that CITI

8   RESIDENTIAL has retained any security interest in MAMERTO's real property.  Thus, the SAC

9   fails to state a claim upon which relief can be granted.  Accordingly, the SAC must be dismissed

10  pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 8 and 12(b)(6).

11  **2.**     **Argument**

12         A motion to dismiss, pursuant to FRCP, Rule 12(b)(6) tests the legal sufficiency of the claims

13  asserted in a complaint.  (See FRCP, Rule 12(b)(6).)  Rule 12(b)(6 ) must be read in conjunction with

14  Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled

15  to relief".  (*Charles A. Wright & Arthur R. Miller, Federal Practice and Procedur*e § 1356 (1990).)

16  Additionally, FRCP, Rule 8(3)(2) requires that each claim must be "simple, concise, and direct" in

17  order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests".

18  (*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.)

19         While it has been recognized by the courts that when a complaint is written by a pro se litigant,

20  the rules of civil procedure are somewhat relaxed and the complaint will be held to a less stringent

21  standard (*Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), if there is either a "lack of a

22  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory,"

23  the Complaint should be dismissed.  (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th

24  Cir.1988))  A complaint "does not need detailed factual allegations," but the "[f]actual allegations

25  must be enough to raise a right to relief above the speculative level." (*Bell Atlantic v. Twombly*, ---

26  U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).)  Further, even a pro se litigant must provide the

27  defendant with "fair notice of the claim and the grounds upon which it rests." (*Erickson v. Pardus*, ---

28  U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v.*

DEF CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLT'S 2nd AMENDED COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMO. OF POINTS & AUTHORITIES
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Ps & As re Motion to Dismiss.doc

1  *Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

2      MAMERTO's obligation to provide the grounds of his entitlement to relief "requires more

3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4  do." (*Id.*, 127 S.Ct. at 1964-65 (citations and quotations omitted.)) Rather, the allegations in the

5  Complaint "must be enough to raise a right to relief above the speculative level." (*Id.*, at 1965.) A

6  motion to dismiss should be granted, if the complaint does not proffer enough facts to state a claim for

7  relief that is plausible on its face. (*Id.*, at 1966-67.)

8      Here, MAMERTO has failed to set forth any facts to support his claim against CITI

9  RESIDENTIAL. Moreover, the SAC fails to assert any factual allegations that demonstrate that

10  MAMERTO is entitled to any relief whatsoever against CITI RESIDENTIAL. As such, MAMERTO

11  has failed to set forth "a short and plain statement of the claim showing that he is entitled to relief" as

12  required by FRCP, Rule 8. MAMERTO has failed to "provide the grounds of his entitlement to

13  relief" (*Bell Atlantic*, 127 S.Ct. 1955, 1964-65), nor has MAMERTO provided to CITI

14  RESIDENTIAL "fair notice of the claim and the grounds upon which it rests". (*Erickson v. Pardus*, -

15  -- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v.*

16  *Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

17      MAMERTO seeks to rescind the credit transaction purportedly between himself and CITI

18  RESIDENTIAL and also seeks to void CITI RESIDENTIAL's purported retained security interest in

19  his real property. However, MAMERTO's SAC and the documentary evidence upon which

20  MAMERTO relies to support his allegations, and which he has incorporated within his SAC,

21  conclusively establish that CITI RESIDENTIAL was not a party to the credit transaction of which

22  MAMERTO complains, nor has CITI RESIDENTIAL retained any security interest in his real

23  property. Under the circumstances here, the Second Amended Complaint should be dismissed without

24  leave to amend, as no effort to amend can establish that CITI RESIDENTIAL was either a party to the

25  credit transaction, or that CITI RESIDENTIAL has retained a security interest in MAMERTO's real

26  property.

27

28  //

**3.    Conclusion**

Based upon the foregoing, CITI RESIDENTIAL respectfully submits that the within Motion to Dismiss should be granted in its entirety and MAMERTO's Second Amended Complaint should be dismissed with prejudice.

Respectfully Submitted,


Miles, Bauer, Bergstrom & Winters, LLP


Dated: June 25, 2008          By: _____ /s/ Tami S. Crosby _____
                              Tami S. Crosby
                              Specially Appearing as Attorneys for
                              CITI RESIDENTIAL LENDING, INC.

PROOF OF SERVICE

1

2

3    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party
     to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California
4    92626-9804.

5    On 6/25/08, I caused to be personally served a copy of the following document(s):

6    DEFENDANT CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLAINTIFF'S SECOND
     AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
7    BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8

9    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing
     correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on
10   that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary
     course of business.  I am aware that on motion of the party served, service is presumed invalid if
11   postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
     affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon
12   fully prepaid addressed as follows:

13

14   Copernico S. Mamerto, Pro se
     8485 Miguel Vista Place
15   San Diego, CA 92114
     (619) 472-9924
16   (Plaintiff, pro se)

17

18   Alan I. White, Esq.
     20281 SW Birch Street, Suite 100
19   Newport Beach, CA 92660
     (Counsel for Defendant Specialized Loan Servicing)

20

21   STATE: I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.

22

23   FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is
     true and correct, and that I am employed in the office of a member of the bar of this court at whose
24   direction the service was made.

25   Executed on 6/25/08, at Costa Mesa, California.

26

27                                              /s/ Marion Pineda
                                                Marion Pineda
28

DEF CITI RESIDENTIAL LENDING'S MOTION TO DISMISS PLT'S 2nd AMENDED COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMO. OF POINTS & AUTHORITIES
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Ps & As re Motion to Dismiss.doc

# EXHIBIT    5

1  Alan I. White, Esq. (State Bar. No. 49858)
   LAW OFFICES OF ALAN I. WHITE
2  20281 SW Birch Street, Suite 100
   Newport Beach, California 92660
3  Telephone: (949) 752-9001
   Facsimile: (949) 752-9007
4
   Attorneys for Defendant
5  SPECIALIZED LOAN SERVICING,
   LLC
6

7

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  COPERNICO MAMERTO                  Case No. 08 CV 0589 H JMA

12                        Plaintiff,   NOTICE OF MOTION, AND
                                       MOTION TO DISMISS PLAINTIFF'S
13    vs.                              SECOND AMENDED COMPLAINT

14  CITI RESIDENTIAL LENDING and       Hearing Date:  July 14, 2008
    SPECIALIZED   LOAN   SERVICING,    Dept.:  H
15  LLC,                               Time:  10:30 am

16                        Defendants.

17

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        Notice is hereby given that a hearing on Defendant Specialized Loan Services,

20  Inc. ("SLS") motion to dismiss plaintiff's second amended complaint will be held on

21  July 14, 2008 at 10:30 am, in courtroom number H of the above entitled court. At said

22  time, SLS will move the court to dismiss the second amended complaint, and each

23  claim therein, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

24        The motion will be based on this notice of motion, the accompanying motion and

25  memorandum of points and authorities in support thereof, as well as all pleadings

26  papers and documents filed in this action.

27                        MOTION TO DISMISS

28
                                    1              08-CV 0589 H JMA)
    NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
                SPECIALIZED LOAN SERVICES RULE 12(b)(6) MOTION

LAW OFFICES OF
ALAN I. WHITE

1        Defendant Specialized Loan Servicing, LLC, hereby moves the court to dismiss

2    the plaintiff's second amended complaint ("complaint") on the grounds that the

3    complaint fails to state a claim against Specialized Loan Servicing, LLC. This motion

4    will be made under *Federal Rules of Civil Procedure Rules* 12(b)(6).

5        This motion will be based upon the notice, this motion, and the accompanying

6    memorandum of points and authorities as well as all pleadings and papers on file

7    herein.

8    Dated:  June 12, 2008                    Respectfully submitted,

9

10                                            By: _____

11                                                Alan I. White

12                                                Attorneys for Respondent
                                                  Specialized Loan Servicing, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*LAW OFFICES OF
ALAN I. WHITE*

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
SPECIALIZED LOAN SERVICES RULE 12(b)(6) MOTION

1
## PROOF OF SERVICE

2
    I, the undersigned, declare as follow:

3
    I am employed in the County of Orange, State of California. I am over the age
of 18 and not a party to the within action. My business address is 20281 S.W. Birch

4
Street, Suite 100, Newport Beach, California 92660.

5
    On June 12, 2008, I served the foregoing document(s) described as:    (1)

6
**NOTICE OF MOTION, AND MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT AND (2) MEMORANDUM OF POINTS AND**

7
**AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT** on the interested parties in this action as
stated below:

8

9
Copernico Memerto; *pro se*            Tami S. Crosby, Esq.
c/o 8485 Miguel Vista Place        Miles, Bauer, Bergstrom & Winters, LLP

10
San Diego, CA  92114              2 1665 Scenic Avenue, Suite 2003
Costa Mesa, CA 92626

11
[X] **BY MAIL**: I am "readily familiar" with the firm's practice of collection and

12
processing correspondence for mailing.   Under that practice it would be
deposited with the United States Postal Service on that same day with postage

13
thereon fully prepared at Newport Beach, California, in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed

14
invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

15
    I declare that I am employed in the office of a member of the bar of this court

16
at whose direction the service was made.

17
    Executed on June 12, 2008, at Newport Beach, California.

18
_____
    Maureen L. Ryan

19
    (Type or print name)                (Signature)

20

21

22

23

24

25

26

27

28

1.

1 | Alan I. White, Esq. (State Bar. No. 49858)
LAW OFFICES OF ALAN I. WHITE
2 | 20281 SW Birch Street, Suite 100
Newport Beach, California 92660
3 | Telephone: (949) 752-9001
Facsimile: (949) 752-9007
4 |
Attorneys for Defendant
5 | SPECIALIZED LOAN SERVICING,
LLC
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **SOUTHERN DISTRICT OF CALIFORNIA**
10 |
11 | COPERNICO MAMERTO                     Case No. 08 CV 0589 H JMA
12 |                        Plaintiff,     MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
13 |    vs.                               MOTION TO DISMISS
                                          PLAINTIFF'S SECOND AMENDED
14 | CITI RESIDENTIAL LENDING and         COMPLAINT
SPECIALIZED   LOAN   SERVICING,
15 | LLC,                                 Hearing Date: July 14, 2008
                                          Dept.: H
16 |                       Defendants.    Time: 10:30 am
17 |
18 |              MEMORANDUM OF POINTS AND AUTHORITIES
19 | I.    <u>INTRODUCTION</u>
20 |        Plaintiff's second amended complaint alleges one claim for what appears to be a
21 | violation of the *Truth in Lending Law*, 15 U.S.C. Section 1601, Regulation Z, 12 C.F.R.
22 | § 226, and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. § 45.
23 |        Plaintiff alleges that defendant Specialized Loan Servicing Inc. "is engaged in
24 | the business of the servicing of mortgage loans . . . ." Second Amended Complaint
25 | (SAC") para. 5. SLS is not alleged to be the lender involved in any transaction with the
26 | plaintiff. In paragraph 7, plaintiff alleges that the "Defendants" entered into a consumer
27 | credit transaction with the plaintiff, however, the documents attached by the plaintiff to
28 |

*LAW OFFICES OF
ALAN I. WHITE*

1   the complaint contradict such allegation.

2        The document attached as Exhibit A, which is alleged to be the credit agreement

3   upon which the claim is based, was a note entered between the plaintiff and Argent

4   Mortgage Company. Defendant SLS is not mentioned in the note. It is, therefore,

5   conclusive from plaintiff's second amended complaint that SLS was not the entity

6   providing credit to the plaintiff.

7        Plaintiff also alleges that the "defendants retained a security interest in [the

8   property]." SAC para 9.   Plaintiff attaches the deed of trust to the complaint and alleges

9   that it evidences the "defendant's security interest" in the property. The attached deed

10   of trust shows a security interest in favor of Argent, not SLS.

11        There is nothing alleged in the complaint that relates SLS to the credit transaction

12   that is alleged.

13   II.  <u>THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED</u>

14        Plaintiff has wholly failed to any facts to support a claim against SLS. Plaintiff

15   seeks to rescind the credit transaction against SLS, yet plaintiff's own documents

16   reflect that SLS was not a party to the credit transaction.

17        The second amended complaint should be dismissed without leave to amend.

18   Plaintiff's documents attached to the second amended complaint establish that

19   defendant SLS was not a party to the credit transaction of which plaintiff complains,

20   and no effort to amend can change those facts.

21   Dated:  June 12, 2008          Respectfully submitted,

22

23                        By:

24                           Alan I. White

25                           Attorneys for Respondent
                             Specialized Loan Servicing, LLC

26

27

28

LAW OFFICES OF
ALAN I. WHITE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPECIALIZED LOAN SERVICES RULE 12(b)(6) MOTION

1

### PROOF OF SERVICE

2    I, the undersigned, declare as follow:

3    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20281 S.W. Birch
4    Street, Suite 100, Newport Beach, California 92660.

5    On June 12, 2008, I served the forgoing document(s) described as: **(1) NOTICE OF MOTION, AND MOTION TO DISMISS PLAINTIFF'S SECOND**
6    **AMENDED COMPLAINT AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
7    **SECOND AMENDED COMPLAINT** on the interested parties in this action as stated below:

8

Copernico Memerto; *pro se*          Tami S. Crosby, Esq.
9    c/o 8485 Miguel Vista Place          Miles, Bauer, Bergstrom & Winters, LLP
San Diego, CA 92114                  2 1665 Scenic Avenue, Suite 2003
10                                       Costa Mesa, CA 92626

11    [X]    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be
12    deposited with the United States Postal Service on that same day with postage thereon fully prepared at Newport Beach, California, in the ordinary course of
13    business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
14    after date of deposit for mailing in affidavit.

15    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
16

17    Executed on June 12, 2008, at Newport Beach, California.

18    _____
        Maureen L. Ryan                          _____
19        (Type or print name)                        (Signature)

20

21

22

23

24

25

26

27

28

1

# EXHIBIT     6

DOC # 2008-0000379



RECORDING REQUESTED BY:
*RECORDING REQUESTED BY:*
**FIDELITY NATIONAL TITLE**

WHEN RECORDED MAIL TO:
**CR Title Services Inc.**
**P.O. Box 1500**
**Rancho Cucamonga, CA 91729-1500** **2005**

JAN 02, 2008     8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:          15.00
                                 DA:        1
**PAGES:        3**



TS No.: **T07-32401-CA**
Loan No.: **0094408879**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$12,648.48** as of **12-31-2007**, and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.  To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W4
**C/O CITI RESIDENTIAL LENDING INC., AS ATTORNEY IN FACT**
**ATTN: FORECLOSURE DEPARTMENT**

purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.

2007

TS No.: T07-32401-CA
Loan No.: 0094408879

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

P.O. Box 1500
Rancho Cucamonga, CA 91729-1500
Phone: 714-634-2474 REINSTATEMENT LINE  714-634-2474 EXT 38145

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **CR Title Services Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 02-15-2006, executed by **COPERNICO S. MAMERTO AND MERCEDITA L. MAMERTO, HUSBAND AND WIFE, AS JOINT TENANTS.,** as Trustor, to secure certain obligations in favor of **ARGENT MORTGAGE COMPANY,LLC.,,** as beneficiary, recorded 02-27-2006, as Instrument No. **2006-0135047**, in Book , Page ,  of Official Records in the Office of the Recorder of SAN DIEGO County, California describing land therein as: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including 1 NOTE(S) FOR THE ORIGINAL sum of **$408,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**INSTALLMENT OF INTEREST ONLY PAYMENTS PLUS IMPOUNDS IF APPLICABLE AND/OR ADVANCES DUE WHICH BECAME DUE ON 09/01/2007 PLUS LATE CHARGES IF ANY, AND ALL SUBSEQUENT INSTALLMENTS OF INTEREST PLUS ADVANCES AND LATE CHARGES THAT BECOME PAYABLE.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 12-31-2007

CR Title Services Inc. by FIDELITY NATIONAL TITLE INSURANCE CO., AS AGENT

BY: _____
MERRLYN AGUAS

Federal Law requires us to notify you that we are acting as a debt collector. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California  92626-9804.

On 8/1/08, I caused to be personally served a copy of the following document(s):

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION OF DEFENDANT CITI RESIDENTIAL LENDING TO PLAINTIFF'S NOTICE OF EX PARTE MOTION AND MOTION FOR EMERGENCY INJUNCTION

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se,     Alan I. White, Esq.
8485 Miguel Vista Place           20281 SW Birch Street, Suite 100
San Diego, California 92114       Newport Beach, 92660
619-472-9924                      (Counsel for Defendant Specialized Loan Servicing)
(Plaintiff, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/1/08, at Costa Mesa, California,

/s/ Marion Pineda
Marion Pineda

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION OF DEFENDANT CITI RESIDENTIAL LENDING TO PLAINTIFF'S NOTICE OF EX PARTE MOTION AND MOTION FOR EMERGENCY INJUNCTION
N:\WORDDATA\CV\Mamerto, Copernico\Pleadings\Oppo to 3rd  Req for TRO\Req for Judicial Notice re 3rd TRO request.doc