MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Attorneys for Defendant
CITI RESIDENTIAL LENDING, INC.
(Erroneously named herein as CITI RESIDENTIAL LENDING)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| COPERNICO S. MAMERTO,<br><br>Plaintiff,<br><br>v.<br><br>CITI RESIDENTIAL LENDING and SPECIALIZED MORTGAGE LOAN SERVICING, LLC,<br><br>Defendants. | Case No: 08-CV-0589-H-JMA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY OF DEFENDANT CITI RESIDENTIAL LENDING, INC. TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(FRCP 12(B)(6))<br>(Request for Judicial Notice filed Concurrently Herewith)<br><br>Date:    July 28, 2008<br>Time:    10:30 a.m.<br>Courtroom:  13 |

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Leave to Amend May be Denied if the Pleading Cannot be Cured**

As was noted by the court in *Albrecht v. Lund*, (9th Cir. 1988) 845 F2d 193:

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). Nevertheless, if a complaint

---
- 1 -
MEMO OF P's AND A's i/s/o REPLY OF DEF. CITI RESIDENTIAL LENDING TO PLT'S OPPO TO DEF'S MTN
TO DISMISS 2nd AMEND. COMPLAINT FOR FAILURE TO STATE CLAIM
O:\Cv\Cases\Mamerto, Copernico\Pleadings\Memo Ps and As reply to oppo to motion to dismiss.doc

is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile." (*Albrecht v. Lund*, (9th Cir. 1988) 845 F2d 193, 195-196.)

The court in *Albrecht*, supra, further noted that "[i]f the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Id.*) In other words, leave to amend should be denied if the court determines that "allegation(s) of other facts consistent with the challenged pleading could not possibly cure the deficiency." (*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, (9th Cir. 1986) 806 F2d 1393, 1401.)

While Plaintiff COPERNICO MAMERTO's ("MAMERTO") Second Amended Complaint ("SAC") does not need to contain detailed factual allegations, its "(f)actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In short, it must allege "enough facts to state a claim that is plausible on its face." (*Bell Atlantic v. Twombly*, (2007) ---U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (parentheses in original).)

As the Court's Order of June 11, 2008 notes, (a copy of which is attached as Exhibit 1 to the Request for Judicial Notice ("RJN"), Exhibit 1, filed concurrently herewith), MAMERTO's SAC alleges only a single claim for what appears to be a violation of the Truth in Lending Law, 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. § 226, and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. § 45. The SAC consists entirely of unintelligible allegations of wrongdoing, the only relatively clear allegations asserted by MAMERTO being that the defendants "(1) failed to deliver two copies of the notice of the right to rescind that set forth all required information; and (2) made incomplete or improper disclosures in connection with the transaction." (SAC, ¶¶ 13-16.)

MAMERTO's late filed Opposition to Defendant CITI RESIDENTIAL LENDING, INC.'s (named herein as CITI RESIDENTIAL LENDING) Motion to Dismiss, while vague and incomprehensible, is apparently asking the court to amend MAMERTO's SAC to include the addition of new defendants. However, even assuming that MAMERTO were to amend his SAC to include the names of additional defendants, his attempt to amend here would be futile as the allegations within his

SAC are false and misleading at best and cannot be cured, as the only purpose for MAMERTO having filed this action is to delay the foreclosure sale of the real property at issue in this case.

MAMERTO's SAC alleges that "[i]n the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind..." (SAC, at p. 4:15-18.) While MAMERTO attaches to his SAC, some of the documents pertaining to the mortgage loan and Deed of Trust at issue in this litigation, he conveniently failed to attach to the SAC, a copy of the NOTICE OF RIGHT TO CANCEL that MAMERTO signed in conjunction with the mortgage loan and Deed of Trust at issue here – the very document that MAMERTO asserts the "defendants" failed to deliver.

MAMERTO's SAC then goes on to allege that "[t]he disclosure statement issued in conjunction with this consumer credit transaction, and attached as PLAINTIFF'S EXHIBIT C, violated the requirements of Truth in Lending and Regulation Z..." (SAC, at p. 5:10-15.) MAMERTO'S SAC then goes on to state that "[t]he disclosure statement issued in conjunction with this consumer credit transaction" is attached "as PLAINTIFF'S EXHIBIT C" to the SAC. (SAC, at p. 5:10-12.) MAMERTO, again, conveniently fails to attach a true and correct copy of "EXHIBIT C" to the SAC – instead leaving his "EXHIBIT C" blank.

Despite the fact that MAMERTO failed to attach either the NOTICE OF RIGHT TO CANCEL or the TRUTH IN LENDING DISLOSURE STATEMENT ("DISCLOSURE STATEMENT") to his SAC, documents that are not physically attached to the complaint may nonetheless be considered by the court on a 12(b)(6) motion to dismiss, if the complaint refers to such documents and the documents are "central" to plaintiff's claim. (*Chambers v. Time Warner, Inc.*, (2nd Cir. 2002) 282 F3d 147, 153, fn. 3.) As the court in *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, (3rd Cir. 1993) 998 F2d 1192, 1196 noted, "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."

MAMERTO's SAC relies upon and his allegations are central to MAMERTO's assertion that he was never provided with a copy of the NOTICE OF RIGHT TO CANCEL. Further, MAMERTO's SAC purports to belatedly dispute the information set forth in the DISCLOSURE

STATEMENT, which MAMERTO apparently intended to include as an exhibit to his SAC. Thus, these two documents are "central" to MAMERTO's claim and should be considered here.

A review of the NOTICE OF RIGHT TO CANCEL that was part of the mortgage loan origination file that comprises the mortgage loan and Deed of Trust at issue here, a copy of which is attached to the Declaration of Tami S. Crosby ("Crosby Declaration") as Exhibit 1, not only reflects MAMERTO's signature on the NOTICE OF RIGHT TO CANCEL but also reflects that, by MAMERTO signing the NOTICE OF RIGHT TO CANCEL on February 17, 2006, MAMERTO acknowledged that:

> "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth In Lending Disclosure Statement ,all given by the lender in compliance with Truth In Lend Simplification and Reform Act of 1980 (Public Law 96-221)."

Thus, it is clear that MAMERTO received two copies of the NOTICE OF RIGHT TO CANCEL and that he personally acknowledged having received same. MAMERTO has no other facts available to him that would enable him to amend his complaint to state a cause of action to establish that anyone "violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind..." (SAC, at p. 4:15-18.)

A review of the actual DISCLOSURE STATEMENT associated with the mortgage loan and Deed of Trust at issue in this litigation, a copy of which is attached as Exhibit 2 to the Crosby Declaration, reflects not only MAMERTO's signature on the DISCLOSURE STATEMENT but, also reflects that by MAMERTO signing the DISCLOSURE STATEMENT on February 17, 2006, MAMERTO acknowledged that he read and received a complete copy of the DISCLOSURE STATEMENT. MAMERTO certainly had no objection to the DISCLOSURE STATEMENT at the time that he reviewed and executed same. Certainly, his right to cancel this particular credit transaction has long since expired.

In fact, the NOTICE OF RIGHT TO CANCEL, signed and acknowledged by MAMERTO on February 17, 2006 (Exhibit 1 to the Crosby Declaration), specifically states:

> "You are entering into a transaction that will result in a mortgage/lien/security interest

on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

>1. the date of the transaction, which is 02/15/2006 [Document Signing Date]; or 2/17/06.
>
>2. the date you receive your Truth In Lending disclosures; or 2/17/06
>
>3. the date you receive this notice of your right to cancel."

As is more fully set forth in the Crosby Declaration, the date of "the transaction" was the date that MAMERTO executed the mortgage loan documents just prior to the funding of the mortgage loan and Deed of Trust at issue in this action, which is demonstrated by MAMERTO's own handwriting on the DISCLOSURE STATEMENT (Exhibit 2 to the Crosby Declaration) as February 17, 2006; which is the same date that MAMERTO received the Truth in Lending Disclosures. (See Exhibit 2 to the Crosby Declaration.) The date that MAMERTO received the notice of his right to cancel was February 17, 2006. (See Exhibit 1 to the Crosby Declaration.) As such, MAMERTO's right to cancel the mortgage loan and Deed of Trust at issue in this litigation has long since expired, as has MAMERTO's right to object to any of the information set forth in the DISCLOSURE STATEMENT.

Further, it must be noted that on February 16, 2007, at the funding of the mortgage loan and Deed of Trust at issue in this litigation, MAMERTO executed a mortgage loan document entitled "BORROWER'S ACKNOWLEDGMENT OF FINAL LOAN TERMS" ("BORROWER'S ACKNOWLEDGMENT"), a copy of which is attached to the Crosby Declaration as Exhibit 3. For the same reasons that the DISCLOSURE STATEMENT should be considered here, so too should the BORROWER'S ACKNOWLEDGMENT. MAMERTO objects to the terms of the mortgage loan and Deed of Trust at issue in this litigation thereby rendering the entire mortgage loan origination file central to and pertinent to the issues raised in this motion.

A review of the BORROWER'S ACKNOWLEDGMENT verifies that the terms of the mortgage loan and Deed of Trust set forth in that BORROWER'S ACKNOWLEDGMENT are identical to those terms set forth in the DISCLOSURE STATEMENT that had also been previously signed by MAMERTO. In fact, by signing the BORROWER'S ACKNOWLEDGMENT on February

17, 2006, MAMERTO acknowledged and confirmed that the final loan terms that comprise the mortgage loan and Deed of Trust "are based exclusively on information, statements, and representations (all material facts) which have been provided by the borrower(s) which the Lender has relied upon to make this acknowledgement." In other words, the mortgage loan became a formal contractual agreement based upon the information, statements and representations expressly made by MAMERTO. Thus, MAMERTO has no other facts available to him that would enable him to amend his complaint to state a cause of action to establish that anyone "violated the requirements of Truth in Lending and Regulation Z..." (SAC, at p. 5:10-15)or that MAMERTO has timely raised an objection to the DISCLOSURE STATEMENT in compliance with the terms set forth in the NOTICE OF RIGHT TO CANCEL, as personally acknowledged and recognized by MAMERTO.

MAMERTO must be able to allege "enough facts to state a claim that is plausible on its face" (*Bell Atlantic v. Twombly*, (2007) --- U.S. ---, 127 S.Ct. 1955, 167 L.Ed.2d 929.), which he simply cannot do here. In fact, MAMERTO cannot refute the documentary evidence that clearly establishes that he reviewed and approved of the information set forth in the DISCLOSURE STATEMENT and that his time to object to same has long since passed; or that he signed for and received the NOTICE OF RIGHT TO CANCEL pertaining to the mortgage loan and Deed of Trust at issue in this litigation.

Just who MAMERTO names as a defendant in this action is simply irrelevant– because here "allegation(s) of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" in MAMERTO's SAC. (*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, (9th Cir. 1986) 806 F2d 1393, 1401.) Again, the purported allegations in MAMERTO's SAC are false and misleading – the sole purpose for MAMERTO having filed this matter is to attempt to delay the foreclosure sale of the real property at issue in this case.

//
//
//
//

**B.     Conclusion**

Based upon the foregoing, it is respectfully requested that the Court grant Defendant CITI RESIDENTIAL LENDING, INC.'s Motion to Dismiss with prejudice.

Respectfully Submitted,

                                    Miles, Bauer, Bergstrom & Winters, LLP

Dated: August 22, 2008          /s/ Tami S. Crosby
                                    Tami S. Crosby
                                    Attorneys for Defendant
                                    CITI RESIDENTIAL LENDING, INC.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 8/22/08, I caused to be personally served a copy of the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY OF DEFENDANT CITI RESIDENTIAL LENDING, INC. TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, pro se
8485 Miguel Vista Place
San Diego, CA 92114
619-472-9924
(Plaintiff, pro se)

Alan I. White, Esq.
20281 SW Birch Street, Suite 100
Newport Beach, CA 92660
(Counsel for Defendant Specialized Mortgage loan Servicing)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/22/08, at Costa Mesa, California.

/s/ Marion Pineda

Marion Pineda