1  MILES, BAUER, BERGSTROM & WINTERS, LLP
2  Tami S. Crosby, SBN 129021
   1665 Scenic Avenue, Suite 200
3  Costa Mesa, CA 92626
   714-481-8355
4  714-481-9152 Facsimile

5
   Attorneys for Defendant
6  CITI RESIDENTIAL LENDING, INC.
   (Erroneously named herein as CITI RESIDENTIAL LENDING)
7

8

9            UNITED STATES DISTRICT COURT
10     SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

11

12  COPERNICO MAMERTO,                ) Case No:  08-CV-0589-H-JMA
                                      )
13             Plaintiff,             ) REQUEST FOR JUDICIAL NOTICE IN
                                      ) SUPPORT OF DEFENDANT CITI
14       v.                           ) RESIDENTIAL LENDING, INC.'S REPLY TO
                                      ) PLAINTIFF'S OPPOSITION TO
15  CITI RESIDENTIAL LENDING and      ) DEFENDANT'S MOTION TO DISMISS
    SPECIALIZED LOAN SERVICING, LLC,  ) PLAINTIFF'S SECOND AMENDED
16                                    ) COMPLAINT FOR FAILURE TO STATE A
             Defendant.               ) CLAIM UPON WHICH RELIEF CAN BE
17                                    ) GRANTED
                                      )
18                                    )
19                                    ) Date:        July 28, 2008
                                      ) Time:        10:30 a
20                                    ) Courtroom:   13
21  _____ )

22       TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

23  RECORD:

24       PLEASE TAKE NOTICE THAT, in conjunction with the Reply and pursuant to Federal Rules

25  of Evidence, Rule 201, Defendant CITI RESIDENTIAL LENDING, INC., named herein as CITI

26  RESIDENTIAL LENDING, respectfully requests that this Court take judicial notice of the following

27  document which is attached hereto under the following exhibit number:

28

REQ'T FOR JUDICIAL NOTICE i/s/o REPLY OF DEF. CITI RESIDENTIAL LENDING TO PLT'S OPPO TO DEF'S
MTN TO DISMISS 2nd AMEND. COMPLAINT FOR FAILURE TO STATE CLAIM
O:\Cv\Cases\Mamerto, Copernico\Pleadings\Req for Judicial Notice re Reply.doc

1.      This Court's Order of June 11, 2008.

Judicial notice of the foregoing is appropriate because its contents and authenticity cannot reasonably be disputed.  Under Federal Rule of Evidence 201 (b), judicial notice is proper for facts that are capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned.  Matters that are appropriate for judicial notice include matters of public record.  See, *Mack v. South Bay Beer Distributors*, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). When a party has requested judicial notice and supplied the court with the necessary information, judicial notice is mandatory. (Federal Rule of Evidence 201 (d).)

Accordingly, Defendant CITI RESIDENTIAL LENDING, INC. requests that this Court take judicial notice of the foregoing public record, the original of which is contained within this Court's file.


Respectfully Submitted,

                                        Miles, Bauer, Bergstrom & Winters, LLP


Dated: August 22, 2008               By:_____/s/ Tami S. Crosby_____
                                        Tami S. Crosby
                                        Attorneys for Defendant
                                        CITI RESIDENTIAL LENDING, INC.

REQ'T FOR JUDICIAL NOTICE i/s/o REPLY OF DEF. CITI RESIDENTIAL LENDING TO PLT'S OPPO TO DEF'S
MTN TO DISMISS 2nd AMEND. COMPLAINT FOR FAILURE TO STATE CLAIM
O:\Cv\Cases\Mamerto, Copernico\Pleadings\Req for Judicial Notice re Reply.doc

# EXHIBIT     1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

COPERNICO MAMERTO,

                         Plaintiff,

    vs.

CITI RESIDENTIAL LENDING and
SPECIALIZED LOAN SERVICING,
LLC,

                       Defendants.

CASE NO. 08-CV-0589-H
(JMA)

ORDER:

(1) DENYING WITHOUT
PREJUDICE SECOND
MOTION FOR TEMPORARY
RESTRAINING ORDER; AND

(2) GRANTING REQUEST FOR
JUDICIAL NOTICE

On May 22, 2008, Plaintiff Copernico Mamerto ("Plaintiff"), proceeding pro se, submitted a second amended complaint and a second ex parte motion for temporary restraining order ("TRO"). (Doc. Nos. 14, 16.) On May 23, 2008, the Court entered an order declining to grant relief on an ex parte basis and setting a briefing schedule on the motion for a temporary restraining order. (Doc. No. 17.) On June 2, 2008, defendants Specialized Loan Servicing, LLC ("SLS") and Citi Residential Lending ("Citi") filed oppositions to the motion. (Doc. Nos. 18-19.) Citi appears specially for the purpose of opposing the motion. (See Doc. No. 19.) Citi also submitted a request for judicial notice. (See Doc. No. 19.) As of the date of this order, Plaintiff has not filed any optional reply in support of his motion, due on June 9, 2008. (See Doc.

No. 17.)

## Request for Judicial Notice

Citi asks the Court to take judicial notice of two documents: (1) Notice of Default and Election to Sell Under Deed of Trust, recorded January 2, 2008, with the San Diego County Recorder's office; (2) Notice of Trustee's Sales, recorded April 7, 2008, with the San Diego County Recorder's office. (See Citi's Request for Judicial Notice ("RJN").) Plaintiff has not responded to the request. The Court concludes that these are matters of public record not subject to reasonable dispute and grants the request accordingly. See Fed. R. Evid. 201(b).

## Motion for Temporary Restraining Order

Where the defendant has an opportunity to be heard, the standards for granting a temporary restraining order are essentially the same as those for a preliminary injunction. See also Fed R. Civ. P. 65(b)(1) (setting requirements for granting ex parte relief). "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d at 1402; see also Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

The Court concludes that Plaintiff has not satisfied either of the Ninth Circuit's standards for a TRO. Plaintiff seeks to retain possession of his home, which he may lose as a result of a foreclosure and related proceedings. The Notice of Trustee's Sale indicates that a sale was scheduled to take place on April 23, 2008 at 10:00 a.m. (See RJN Ex. 2.) It is unclear from the parties' filings whether such a sale in fact took place. Plaintiff also seeks to prevent Defendants from seeking a "wrongful detainer action" or "applying for a writ of possession." Plaintiff has not alleged, or submitted evidence,

1  that either Defendant has taken such action or will do so imminently.  Therefore,
2  Plaintiff has made a minimal showing of the possibility of irreparable injury and must
3  make a correspondingly strong showing of likelihood of success on the merits.

4      Plaintiff's Second Amended Complaint ("SAC") alleges a violation of the Truth
5  in Lending Act ("TILA""), 15 U.S.C. § 1635, and the related Regulation Z, 12 C.F.R.
6  § 226.23, during the initial loan transaction.  (SAC ¶¶ 12-21.)  Plaintiff alleges that
7  Defendants: (1) failed to deliver two copies of the notice of the right to rescind that set
8  forth all required information; and (2) made incomplete or improper disclosures in
9  connection with the transaction. (SAC ¶¶ 13-16.) Plaintiff alleges that he therefore had
10  a right to rescind, which he exercised.  (SAC ¶¶ 17-18.)  Plaintiff does not indicate
11  when he exercised the alleged right, except to say that it was at least 20 days before
12  filing of the SAC on May 23, 2008. (SAC ¶ 19.) The Note and Deed of Trust attached
13  to the SAC indicate that the lender was Argent Mortgage Company, LLC, and it is not
14  named as a defendant in this action.  Having reviewed all materials submitted by
15  Plaintiff, the Court concludes that he has not made a showing of likelihood of success
16  on the merits of his claim sufficient to warrant injunctive relief at this time.

17                          **Conclusion**

18      For the reasons set forth above, the Court denies the second motion for
19  temporary restraining order without prejudice.

20      IT IS SO ORDERED.

21  DATED:  June 11, 2008

22
23                          MARILYN L. HUFF, District Judge
                            UNITED STATES DISTRICT COURT

24  COPIES TO:
25  All parties of record.

26
27
28

- 3 -

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California  92626-9804.

On 8/22/08, I caused to be personally served a copy of the following document(s):

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CITI RESIDENTIAL LENDING, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Copernico S. Mamerto, Pro se,    Alan I. White, Esq.
8485 Miguel Vista Place          20281 SW Birch Street, Suite 100
San Diego, California 92114      Newport Beach, 92660
619) 472-9924                    (Counsel for Defendant Specialized Loan Servicing)
(Plaintiff, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/22/08, at Costa Mesa, California,

/s/ Marion Pineda
Marion Pineda

- 3 -

REQ'T FOR JUDICIAL NOTICE i/s/o REPLY OF DEF. CITI RESIDENTIAL LENDING TO PLT'S OPPO TO DEF'S MTN TO DISMISS 2nd AMEND. COMPLAINT FOR FAILURE TO STATE CLAIM
O:\Cv\Cases\Mamerto, Copernico\Pleadings\Req for Judicial Notice re Reply.doc