# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO,<br><br>   Plaintiff,<br><br>vs.<br><br>CITI RESIDENTIAL LENDING and SPECIALIZED LOAN SERVICING, LLC,<br><br>   Defendants. | CASE NO. 08-CV-0589-H (JMA)<br><br>ORDER GRANTING DEFENDANTS MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND |

On June 12, 2008, defendant Specialized Loan Servicing, LLC ("SLS") filed a motion to dismiss Plaintiff's second amended complaint ("SAC"). (Doc. No. 25.) On June 25, 2008, defendant Citi Residential Lending ("Citi") filed its motion to dismiss. (Doc. No. 30.) Plaintiff filed a response to both motions on July 31, 2008. (Doc. No. 36.) Citi filed a reply brief on August 22, 2008. (Doc. No. 40.) SLS did not file an optional reply. For the reasons set forth below, the Court grants both motions, with leave to amend.

## Background

Plaintiff alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("the Act"), and the related "Regulation Z," 12 C.F.R. § 226. (SAC ¶ 1.) On or around February 15, 2006, Plaintiff allegedly entered into a credit transaction with the defendants to finance his home. (SAC ¶¶ 7-9.) Plaintiff attached copies of the Fixed

1  Rate Note and Deed of Trust. (SAC Exs. A-B.) He alleges that defendants failed to
2  fulfill various disclosure obligations under the Act, thus enabling him to rescind the
3  transaction and obtain other relief. (SAC ¶¶ 13-21.) Previously, Plaintiff brought
4  several requests for temporary restraining orders to enjoin anticipated foreclosures on
5  his home, which the Court denied. (See, Doc Nos.6, 16, 34.)

6  Citi has submitted copies, signed by Plaintiff on February 17, 2006, of various
7  documents and disclosures which Plaintiff allegedly did not receive. (See Crosby Decl.
8  Supp. Citi's Reply, Exs. 1-3.) These include a Notice of Right to Cancel, Truth in
9  Lending Disclosure Statement, and Borrower's Acknowledgment of Final Loan Terms.
10 These documents include signed acknowledgments that Plaintiff read the materials and
11 received copies of them.

## Discussion

### I. Legal Standard

Both motions contend that Plaintiff fails to state a claim. Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the claim's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a claim does not need detailed factual allegations to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient, when taken as true, to raise a right to relief above the speculative level. Id. at 1965. A Court may consider certain matters outside the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment. These include documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. See United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

///

## II.     Analysis of Plaintiff's Claims

The Court concludes that it may consider the disclosure documents submitted by Citi without converting this motion into a motion for summary judgment. These documents are part of the transaction incorporated by reference in Plaintiff's complaint, though Plaintiff only attached part of the related documentation. On their face, the documents submitted by Citi contradict Plaintiff's allegations that he did not receive copies of required disclosures. Plaintiff acknowledged reading and receiving copies of the right to cancel and related disclosures. (See Crosby Decl. Supp. Citi's Reply, Exs. 1-3.) As for the substantive sufficiency of information contained in these documents, Plaintiff has made only conclusory allegations. Plaintiff has not offered factual allegations sufficient to raise the right to relief above the speculative level. Twombly, 127 S.Ct. At 1965. Therefore, the Court concludes that the SAC fails to state a claim.

Furthermore, the documentation attached to, and incorporated by reference in, the SAC indicates that Plaintiff entered into the transaction with Argent Mortgage Company, LLC. The named defendants are not mentioned. Plaintiff has made no allegations that, when taken as true, would support holding defendants liable for actions by Argent Mortgage, LLC.

## III.    Leave to Amend

If a complaint fails to state a claim, courts generally grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) Plaintiff requests an opportunity to join the proper defendant or defendants. The Court concludes that it should also provide Plaintiff an opportunity clarify what aspects of the documents he signed and received were insufficient. Accordingly, the Court will provide Plaintiff an opportunity to amend the complaint.

/ / /

/ / /

/ / /

## IV. Requests for Judicial Notice

Citi submitted various requests for judicial notice. Most ask the Court to take notice of documents in this case file. A formal request for judicial notice is not necessary for the Court to consider its own record, but the Court nevertheless grants these unopposed requests. Citi also requests judicial notice of the Notice of Default and Election to Sell Under Deed of Trust, recorded on January 2, 2008. Since this is a matter of public record not subject to reasonable dispute, and Plaintiff did not oppose the request, the Court takes notice of this document.

## **Conclusion**

For the reasons set forth above, the Court GRANTS the defendants' motions to dismiss. Plaintiff may file an amended complaint consistent with this order within **30 days** of the date this order is filed.

IT IS SO ORDERED.

Dated: August 28, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.