# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPERNICO MAMERTO,<br><br>    Plaintiff,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee for the Registered Holders of Argent Securities, Inc., Asset-Backed Pass Through Certificates, Series 2006-W4; ARGENT MORTAGE COMPANY; and JOHN DOE,<br><br>    Defendants. | **CASE NO. 08-CV-00589-H (JMA)**<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH AMENDED COMPLAINT** |

    On March 30, 2009, Defendant Deutsche Bank National Trust Company, as trustee for the registered holders of Argent Securities, Inc. ("Deutsche") filed a motion to dismiss Plaintiff Copernico Mamerto's ("Mamerto") fourth amended complaint and a request for judicial notice. (Doc. No. 58.) On May 26, 2009 Plaintiff filed a response in opposition. (Doc. No. 59.) Deutsche filed a reply on May 29, 2009. (Doc. No. 60.) The Court determines this matter is appropriate for resolution without oral argument and submits it on the papers pursuant to Local Rule 7.1(d)(1).

    For the reasons below, the Court grants Defendant Deutsche's motion to dismiss for failure to state a claim.

/ / /

**Background**

Plaintiff's fourth amended complaint ("FAC") arises from foreclosure proceedings on his home. In the FAC, Plaintiff alleges causes of action for (1) wrongful foreclosure; (2) declaratory judgment; (3) injunctive relief; (4) statutory damages under various federal and state statutes; (5) fraud; (6) cancellation of instruments; and (7) quiet title. In addition, Plaintiff alleges in his complaint that he negotiated in his native language of Tagalog and was never delivered a translation of the contract or agreement in the language in which the contract or agreement was negotiated in violation of California Civil Code §1632(b) (FAC ¶ 14.)

Plaintiff is the owner of real property located at 8485 Niguel Vista Place, San Diego, California (the "Property"). (FAC ¶ 30.) On or about February 15, 2006, Plaintiff allegedly entered into a consumer credit transaction with the lender Argent Mortgage Company, LLC, which loan was originally payable to Argent or its assigned service AMC. (Id. ¶ 31.) Subsequently, the servicing of the loan was allegedly assigned to Citibank Residential Lending and Specialized Loan Servicing, LLC. (Id. ¶ 31.) Plaintiff alleges that Argent Mortgage Company, LLC (now defunct) was the original lender who transferred its interest to Defendant Deutsche as trustee for Argent Mortgage Securities, Inc., asset backed certificates series 2006-W4 (c/o Citi Residential Lending Inc., as attorney in fact). (Id. ¶27.) According to Plaintiff, the material terms of the loan, including the interest rate, annual percentage rate, and closing costs were misrepresented and were greater than the original good faith estimate of closing costs given to Plaintiff and that these discrepancies were never explained. (Id. ¶ 34.) Plaintiff alleges that he began making payments to the Trustee, but believes that the mortgage payments were misapplied by the trustee or loan servicer and when questioned was never given a satisfactory accounting of how the funds were applied. (Id. ¶¶ 35-36.) Plaintiff alleges that misapplication of the mortgage payments include incorrect interest rate adjustments, incorrect tax impound adjustments, misapplied payments, misapplied escrow payments, and misapplied insurance payments. (Id. ¶ 37.) Plaintiff alleges that Defendants had no authority to sell the subject property because they obtained their alleged title through fraud, misrepresentation, nondisclosure, and concealed the broken chain of title. (Id. ¶ 40.) Plaintiff alleges that

1  Deutsche now claims title by trustee sale resulting from the wrongful foreclosure and has never
2  showed the right to title, and that no one proved a legal right to commence foreclosure
3  proceedings. (Id. ¶¶ 40-41.) Defendants, according to Plaintiff, claims that Plaintiff is in
4  arrears on the payment of his mortgage. (Id. ¶46.) Plaintiff alleges that the substituted trustee
5  CR Title Services filed a notice of default and that his property was subject to a trustee's
6  foreclosure sale on April 23, 2008, and then in July 2008, which did not occur at that time. (Id.
7  ¶54.)

8  The Court has previously dismissed Plaintiff's second amended complaint and third
9  amended complaint for failure to state a claim. (See Doc. Nos. 41 & 54.) Defendant Deutsche
10 now moves to dismiss the FAC under Federal Rules of Civil Procedure 8, 9, 12(b)(6). (Doc.
11 No. 58.) Deutsche also requests the Court take judicial notice of a Notice of Default and
12 Election to Sell Under Deed of Trust, recorded on January 2, 2008 with the San Diego County
13 Recorder's Office, as Instrument No. 2008-0000379, and the Court's two previous Orders
14 dismissing Plaintiff's second and third amended complaints. (Doc. No. 58, RJN.)

**Discussion**

**I. Motion to Dismiss Pursuant to 12(b)(6)**

17  A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
18 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
19 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading
20 requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule
21 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that
22 a pleading stating a claim for relief contain "a short and plain statement of the claim showing
23 that the pleader is entitled to relief." The function of this pleading requirement is to "give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v.
25 Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to
26 dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
27 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
28 formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Igbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65. A court dismissing a complaint for failure to state a claim may deny leave to amend if amendment of the complaint would be futile. Albrecht v. Lund, 845 F.2d 193, 195-96 (9th Cir. 1988).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n .19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994). In evaluating a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The Court concludes that it may consider the Notice of Default and Election to Sell under the Deed of Trust, as it is referenced in Plaintiff's complaint, it is central to Plaintiff's complaint, and neither party questions the authenticity of the copy attached to Defendant's motion. Additionally, the Court may take judicial notice of the Notice of Default because it is a matter of public record as it was filed in the San Diego County Recorder's office. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir.2001). The Court may also take notice of this Court's orders, as they are matters of public record.

**A. Wrongful Foreclosure**

Plaintiff's first cause of action asserts that Defendants wrongfully instituted a non-

1  judicial foreclosure and trustee's sale. (FAC ¶¶ 56-62.) Plaintiff alleges that the mortgage rate
2  was above the rate promised and disclosed in his original good faith estimate of closing costs
3  and that Defendant should have known that Plaintiff could not afford the mortgage loan at the
4  time of closing. (Id. ¶ 58.) Plaintiff admits in the FAC that he fell behind in the payment of
5  his mortgage and alleges that Defendants instituted a non-judicial foreclosure and trustee's
6  sale. (Id. ¶ 59.) Plaintiff alleges that Defendants used an incorrect amount allegedly due and
7  owing in the notice of default due to incorrect and improper charges, incorrect tax impound
8  amounts, incorrect escrow amounts, and misapplied mortgage payments, and that Defendant
9  failed to give Plaintiff proper notice of the trustee's sale and follow the requirements of
10 California Civil Code §§ 2924, et seq. (Id. ¶¶ 59, 61.) Plaintiff alleges that the foreclosure sale
11 is void. (Id. ¶ 61.)  Throughout his FAC, Plaintiff alleges that Defendants have not proven
12 ownership of the mortgage and the right to foreclose. (See, e.g., id. ¶¶ 8, 9, 10, 11, 19, 20, 29.)
13         The California statute governing non-judicial foreclosure is codified in the California
14 Civil Code at §§ 2924, et seq. This statute establishes an exhaustive comprehensive statutory
15 framework governing non-judicial foreclosure sales and covers every aspect of exercise of the
16 power of sale contained in a deed of trust. Moeller v. Lien, 30 Cal.Rptr.2d 777 (Cal. Ct. App.
17 1994); I. E. Assocs. v. Safeco Title Ins. Co., 29 Cal.Rptr.438 (Cal. 1985). The statute does not
18 require the entity initiating the foreclosure sale to provide evidence to the borrower or a court
19 establishing its right to do so, nor does it require that entity to have possession of the note.
20 Because there is no evidence suggesting that Defendants do not have the right to foreclose on
21 the Property as Plaintiff states in his FAC that he fell behind in his mortgage payments,
22 Plaintiff's allegation is purely speculative. Plaintiff also does not allege how Deutsche took
23 part in any foreclosure proceeding nor what provision of the California Civil Code Deutsche
24 allegedly violated. Plaintiff alleges that Defendants failed to give proper notice of trustee's
25 sale, but fails to allege how the notice given was improper. Furthermore, Plaintiff alleges that
26 the foreclosure sale is void, but does not allege when any such foreclosure sale took place, as
27 he alleges that one scheduled in July 2008 did not occur. Under Twombly, this allegation
28 cannot survive a motion to dismiss. 127 S.Ct. at 1965. The Court grants Defendant's motion

to dismiss Plaintiff's first cause of action.

The Court also notes that to challenge a foreclosure sale requires that the challenger first tender the undisputed mortgage lien in full, and this requirement applies to "any cause of action for irregularity in the sale procedure." Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1009 (1996). If a foreclosure sale has occurred on Plaintiff's property, which is ambiguous from the FAC, Plaintiff does not allege his ability to tender the undisputed lien obligation in full.

**B. Declaratory Judgment**

Plaintiff's second cause of action is for declaratory judgment under various laws. (FAC ¶¶ 63-70.) Plaintiff requests the Court declare that Plaintiff is protected by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692. (Id. ¶ 64.) Additionally, Plaintiff asserts the Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record, if the Defendant can demonstrate legal status and standing as holder in due course of the original signed deed of trust and related note, and if the Defendant violated California Financial Code sections 33560 and 22340. (Id. ¶¶ 65-67.)

Under the FDCPA, the term "debt collectors" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). That term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. § 1692(a)(6)(A). Mortgage companies collecting debts are not "debt collectors." Because Deutsche is not a "debt collector" as defined by the FDCPA, the Court concluded in its Order dismissing Plaintiff's third amended complaint that any claim by Plaintiff against Defendant under the FDCPA fails as a matter of law. (Doc. No. 54 at 6.) Moreover, Plaintiff still fails to identify what provision of the FDCPA Deutsche allegedly violated. Accordingly, the Court dismisses with prejudice Plaintiff's request for declaratory relief.

California law does not require production of the original note in order to proceed with a non-judicial foreclosure. CAL. CIV. CODE §§2924(a), et seq. Therefore, as the Court previously concluded, Plaintiff's contention that Deutsche does not have possession of the original note fails as a matter of law. (Doc. No. 54 at 6.) Accordingly, the Court dismisses with prejudice Plaintiff's request for declaratory relief for determination of whether Deutsche has the original note and deed of trust.

As noted in the Court's previous order, Plaintiff again has failed to plead how Deutsche allegedly violated California Financial Code §§ 22340 and 33560. Furthermore, the Court declines to issue a declaratory judgment that Deutsche violated these sections.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's second cause of action.

**C. Request for Injunctive Relief**

Plaintiff's third cause of action is for injunctive relief. (FAC ¶¶ 71-85.) However, an injunction is merely a remedy and is not a cause of action. A cause of action must exist before injunctive relief may be granted. Plaintiff's request for an injunction is based on his allegation that Defendant lack the right to foreclose. The Court has concluded that this allegation fails to state a claim upon which relief may be granted. Accordingly, the Court dismisses Plaintiff's third cause of action.

**D. Statutory Damages**

Plaintiff's fourth cause of action is for statutory damages under various federal and state provisions, alleging that, "Defendant, its predecessors, successors, assignees and agents have explicitly broken Federal Laws which are implemented in California commercial law." (FAC ¶¶ 86-89.) Although Plaintiff does not state in this cause of action what federal or state laws were allegedly violated, the Court attempts to construe what laws Plaintiff claims rights under from the rest of the FAC. Plaintiff seeks under this cause of action rescission and/or cancellation of the loan and return of all funds received by Defendant. (Id. ¶ 89.)

**1. Truth In Lending**

The federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., seeks to protect

credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain duties on creditors. The statute itself defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Id.

Plaintiff has failed to correct the deficiencies the Court noted with respect to this claim in his third amended complaint. Plaintiff still fails to sufficiently plead a violation of TILA. Plaintiff again only makes conclusory statements that Defendant and its successors violated TILA in reporting derogatory information while a known billing error/dispute existed, but does not allege when these violations occurred, how Deutsche participated in such violations, or what provision of TILA was violated. TILA contains a one year statute of limitations from when the violation occurred. 15 U.S.C. §1640(e). Plaintiff does not allege that Deutsche failed to make required disclosures or otherwise violated TILA in the appropriate time frame. Additionally, Plaintiff does not allege that any TILA violation was apparent from the face of the disclosure statement and does not attach any such disclosure statement to his FAC. Therefore, Plaintiff has failed to correct the deficiencies noted in his third amended complaint and again fails to meet the pleading requirements of Twombly for a cause of action under TILA. Accordingly, the Court dismisses Plaintiff's cause of action under TILA for statutory damages and rescission with prejudice, as it is unlikely Plaintiff can file a fifth amended complaint stating a claim under TILA.

**2. 12 U.S.C. §1831n(2)(A)**

This provision of the United States Code provides that, "the accounting principles applicable to reports or statements required to be filed with Federal banking agencies by all insured depository institutions shall be uniform and consistent with generally accepted accounting principles." 12 U.S.C. §1831n(2)(A). As the Court noted in its Order dismissing

Plaintiff's third amended complaint, "Plaintiff fails to sufficiently plead facts specifically supporting a violation of this provision by Deutsche." (Doc. No. 54 at 7.) Plaintiff again pleads no facts supporting the allegation that Deutsche violated this provision. Accordingly, the Court dismisses Plaintiff's claim for statutory damages under this provision with prejudice, as Plaintiff has been given the opportunity to amend his complaint and has not been able to allege facts supporting this claim.

### 3. Real Estate Settlement Procedures Act

The Federal Real Estate Settlement Procedures Act ("RESPA") requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. §2605(e)(1)(A). Plaintiff does specifically reference RESPA in his complaint, but does allege failure to disclose and that, "in spite of having received notice and non disclosure communications that automatically void the security interest, the foreclosure sale proceeded illegally. (FAC ¶ 48.) Plaintiff asserted a RESPA claim in his third amended complaint and the Court concluded that, "Plaintiff does not allege when such qualified written request was made, to whom it was made, how Deutsche failed to respond to such request, or whether Deutsche qualifies as a 'servicer' under the statute." (Doc. No. 54 at 8.) Plaintiff's FAC fails to correct any of these deficiencies and fails to even allege that Defendants failed to respond to a qualified written request, as he did in the third amended complaint. Plaintiff's allegations concerning failure to provide disclosures under TILA may rise to the level of a violation under RESPA, but RESPA contains no private right of action for violations of disclosure requirements. See 12 U.S.C. § 2604; c.f. 12 U.S.C. § 2605(f); see also Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997). Accordingly, because there is no private cause of action for a failure to provide a good faith estimate under RESPA and Plaintiff has twice amended his complaint and failed to state a claim under RESPA, the Court dismisses Plaintiff's RESPA claim with prejudice.

**4.   Fair Debt Collections Practices Act & California's Fair Debt Collection Practices Act**

Plaintiff alleges he is entitled to statutory damages under the FDCPA, 15 U.S.C. §§1692, et seq., and the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), California Civil Code §§1788, et seq. (FAC ¶ 66.)   Plaintiff again fails to plead how Deutsche meets the statutory definition of a "debt collector" and fails to plead what provisions of these acts Deutsche allegedly violated and facts supporting any violations.  In addition to not meeting the pleading requirements under the FDCPA's definition of "debt collector," Plaintiff fails to plead what provisions of these acts Deutsche allegedly violated and facts supporting any violations.  Accordingly, the Court dismisses with Plaintiff's cause of action for statutory damages under these provisions based on Plaintiff's insufficient fourth amended pleadings.

**5. Other California Laws**

Plaintiff's fourth amended complaint contains references to various other California statutes and common law causes of action, but does not allege any facts specifically relating to these causes of action nor assert them as independent causes of action.  The insufficiently of Plaintiff's pleading fails to put Deutsche on notice of what allegedly improper conduct it committed that violated these California laws.  Accordingly, the Court dismisses Plaintiff's cause of action for statutory damages under these theories.

**E. Fraud**

Plaintiff's fifth cause of action is for fraud against Deutsche. (FAC ¶¶ 90-109.)  Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted).  Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity.  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.

1  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"
2  Id. (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th
3  Cir.1994)).

4  Plaintiff does not sufficiently plead a cause of action for fraud. Plaintiff alleges that
5  Defendant presented documentation to Plaintiff that clearly indicated that Defendant was the
6  owner in due course knowing that such documentation was in fact false and fraudulent. (FAC
7  ¶ 94.) However, Plaintiff does not allege how that documentation was false or fraudulent and
8  that Deutsche is not the owner in due course. Furthermore, Plaintiff does not plead specific
9  facts relating to Deutsche's alleged fraudulent conduct, but broadly alleges that Defendant, its
10 predecessor, successor, and agents concealed facts relevant to the Property. (Id. ¶¶ 92-93.)
11 Plaintiff does not identify what facts were allegedly concealed by Deutsche. Plaintiff alleges
12 that he has "recently learned that these Defendants or any of them are not the owner of the trust
13 deed and note, . . .or the lawfully appointed trustee," but does not allege how any of the
14 Defendants is not the owner or allege who is the actual owner. (Id. ¶ 107.) Plaintiff fails to
15 state any factual basis for how Deutsche knew others had failed to disclose material facts or
16 how Deutsche or any other Defendant is not the owner. Accordingly, the Court dismisses
17 Plaintiff's cause of action for fraud with prejudice, as Plaintiff has not been able to correct the
18 pleading deficiencies noted in this Court's order dismissing his third amended complaint with
19 leave to amend, as Plaintiff again does not plead fraud with the required particularity under
20 Rule 9 to put Deutsche on notice of its alleged wrongdoing.

21 **F.  Cancellation of Instruments**

22 Plaintiff's sixth cause of action is for cancellation of instruments against all Defendants.
23 (FAC ¶¶ 110-122.) Plaintiff seeks cancellation of the promissory note and related deed of trust
24 based on Defendants' alleged fraud and breaking of banking laws, fair debt collection
25 practices, Federal Trade Commission Deception Policy, Securities Law, and Federal Trade
26 Commission fraudulent and deceptive trade practices. (Id. ¶¶ 111-12.) Plaintiff fails to state
27 a claim for cancellation of instruments, as Plaintiff has failed to plead a violation of any law
28 and has not plead fraud with particularity as required by Rule 9(b). Plaintiff again requests the

1  Court to inspect the original promissory notes and deeds to determine who owns title to the
2  promissory note, and requests the Court to enjoin Defendants from taking possession of the
3  property. (Id. ¶¶ 116, 118, 122.) For the reasons stated with respect to Plaintiff's causes of
4  action for wrongful foreclosure, injunctive relief, and fraud, the Court dismisses Plaintiff's
5  cause of action for cancellation of instrument with prejudice.

**G. Quiet Title**

7  Plaintiff's seventh cause of action is for quiet title, based on his allegations that
8  Defendant is wrongfully and fraudulently foreclosing on his home. (FAC ¶¶ 123-137.) To
9  state a claim to quiet title, a complaint must be verified and include (1) a legal description of
10  the property and its street address or common designation, (2) the title of the plaintiff and the
11  basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the
12  determination is sought, and (5) a prayer for the determination of the title of the plaintiff
13  against the adverse claims. CAL. CIV. PRO. CODE § 761.020.

14  Plaintiff fails to plead a legal description of the property, the basis of his title to the
15  property, or the date as of which a determination is sought. Furthermore, Plaintiff fails to state
16  a cause of action for any wrongful conduct by Defendant and has not established Defendant
17  does not have the right to foreclose on his home. Accordingly, the Court dismisses Plaintiff's
18  cause of action requesting the Court to quiet title.

**H. California Civil Code §1632**

20  Plaintiff also seems to allege Deutsche is liable for a violation of California Civil Code
21  §1632 for failing to negotiate in Plaintiff's native language, Tagalog. (FAC ¶ 14.) California
22  Code §1632 requires a translation of a contract or agreement in the language in which the
23  contract was negotiated be provided for a "loan or extension of credit for use primarily for
24  personal, family or household purposes where the loan or extension of credit is subject to the
25  provisions of Article 7 (commencing with Section 10240)." CAL. CIV. CODE §1632(b)(4).
26  Section 10204 in turn, applies to certain real estate loans secured by real property that are
27  negotiated exclusively by a real estate broker. CAL. BUS. & PROF. CODE §10204.

28  Plaintiff fails to state a claim under this provision. Plaintiff does not allege that

1  Deutsche negotiated the mortgage contract or was acting in the capacity of a real estate broker.
2  Accordingly, the Court dismisses Plaintiff's cause of action for a violation of this section with
3  prejudice, as Plaintiff has not corrected these deficiencies, which were noted by the Court in
4  its previous Order dismissing the third amended complaint and any amendment would be
5  futile.

## Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss the fourth amended complaint with prejudice, as a fifth amended complaint would be futile. See Albrecht v. Lund, 845 F.2d 193, 195-96 (9th Cir. 1988). Plaintiff may file a motion for reconsideration within 30 days of the date of this order if he is able to allege any change in law or new facts or circumstances, such as an allegation and proof that he is able to tender the full amount of the lien obligation in order to plead a claim for wrongful foreclosure or rescission under TILA.

**IT IS SO ORDERED.**

DATED: June 4, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT